**FEDERAL INSURANCE COMPANY et al., Appellants,**

**v.**

**George D. FORRISTALL et al., Appellees.**

**No. 6667.**

Court of Civil Appeals of Texas.

Beaumont.

March 31, 1966.

Rehearing Denied April 20, 1966.

Wells, Duncan & Beard, Keith, Mehaffy & Weber, Beaumont, for appellants.

Weller, Wheelus & Green, Orgain, Bell & Tucker, Beaumont, for appellees.

HIGHTOWER, Chief Justice.

This is a suit for declaratory judgment in which the appellees, George D. Forristall and his son, George Z. Forristall, a minor, sought judgment by the 136th Judicial Dis-

trict Court requiring the appellants, Gulf Insurance Company, Federal Insurance Company, and Zurich Insurance Company to defend a suit which had been filed against them in the district court of Jefferson County, Texas, 60th Judicial District, by C. E. Vallee, Jr. In the damage suit in the 60th Judicial District Court, C. E. Vallee, Jr. sought to recover damages against George D. Forristall, George Z. Forristall, and W. H. Marlow of $1,630.00 for damages to the Vallee automobile.

The petition filed by C. E. Vallee, Jr. in the damage suit in the 60th District Court of Jefferson County, Texas, contained the following allegations:

"That on or about April 10, 1960, your plaintiff properly parked his 1960 Pontiac automobile at the Beaumont Country Club in a safe and proper place. The defendant, George Z. Forristall, at such time was driving an automobile owned by the defendant, George D. Forristall, his father, with his father's consent and permission. While so operating said vehicle the defendant, George Z. Forristall, parked the same immediately behind your plaintiff's vehicle. Later the defendants, George Z. Forristall and William H. Marlow, desiring to leave the Country Club premises in the Forristall vehicle, found that they were unable to do so because they were parked between plaintiff's automobile and another automobile. Said defendants, in order that they might use the Forristall automobile and in order to extricate it from the place where it was parked between plaintiff's automobile and another, decided that they would enter your plaintiff's automobile and release the gearshift from parked position and put it in motion, shoving it a sufficient distance to get clearance to enable them to drive said Forristall automobile from such parking place. At the time and on the occasion in question it was then apparent, or in the exercise of ordinary care, should have been apparent to the defendants, George Z. Forristall and William H. Marlow,

that plaintiff's vehicle as well as other vehicles were parked on an incline and that in moving the same it would be necessary to maintain it under control to keep it from rolling down said incline to the adjacent river. Nevertheless, the defendants, George Z. Forristall and William H. Marlow, put your plaintiff's automobile in motion and shoved it with sufficient force that it rolled down an embankment and crashed into the boathouse and went into the river, as a result of which your plaintiff suffered damages as hereinafter set forth."

The acts of negligence set out in the Vallee damage suit against the appellees, George D. Forristall and George Z. Forristall, were the following:

(1) Defendant, George Z. Forristall, without the consent of plaintiff, manipulated the gear-shift of the plaintiff's automobile for the purpose of setting said automobile in motion, in violation of Article 1343 of the Penal Code of Texas;

(2) Defendant, George Z. Forristall, shoved plaintiff's automobile when it was on an incline;

(3) Defendant, George Z. Forristall, failed to properly control plaintiff's vehicle;

(4) Defendant, George D. Forristall, entrusted his automobile to his minor son, a known incompetent driver;

(5) Defendant, George D. Forristall, in violation of Article 6687(b) Section 35, Texas Revised Civil Statutes, permitted his minor son, George Z. Forristall, to drive a motor vehicle when the said minor did not have a valid Texas Driver's License.

Gulf Insurance Company had issued to George D. Forristall a family automobile policy. Federal Insurance Company had issued a Texas standard comprehensive dwelling policy to George D. Forristall and wife, Dorothy Z. Forristall, of *1250 Oak-*

*crest Circle, Beaumont, Texas.*[1] The policy carried a "coverage group C-comprehensive personal liability" endorsement. Zurich Insurance Company had issued a family automobile policy insuring C. E. Vallee, Jr.

After service of citation on the Forristalls in the damage suit pending in the 60th Judicial District Court, they tendered defense of the cause to Gulf and Federal Insurance Companies and both refused to defend the case. In addition, the Forristalls demanded that Zurich Insurance Company defend the case brought by Vallee against the Forristalls. Zurich was the automobile carrier for Vallee, and apparently the contention was that young Forristall was an "omnibus" insured using the Vallee car with the implied permission of the owner.

This case was tried without a jury and at the conclusion of the case, judgment was entered substantially to the effect that both Federal and Gulf should defend the suit pending in the 60th Judicial District Court brought by Vallee against the Forristalls. Because of the difference in the policy limits, Gulf's liability was prorated 1/4 and Federal's, 3/4. In addition thereto, the court made an award of $1,000.00 attorneys' fees to the Forristalls.

The trial court exonerated the Zurich Company of any liability to the Forristalls in the declaratory judgment and no appeal has been perfected against said company. Since that part of the judgment has become final, we consider only the appeals of Federal and Gulf.

Essentially, the points of error upon which Federal and Gulf predicate their appeal are the same. Each contend (1) that the judgment requiring them to defend the suit in the 60th District Court should be reversed and rendered because neither of their policies provide coverage for the incident in question; (2) the award of attorneys' fees is excessive. Additionally,

Federal urges error of the trial court in holding Federal had waived any defenses under its policy by reason of having made an investigation of the incident.

We first determine the merits of Federal's contentions.

Federal's policy provides:

"Division 1—Comprehensive Personal Liability:

"A. Bodily Injury; Property Damage: This company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * and as damages because of injury to or destruction of property, including the loss of use thereof.

"C. Defense, Settlement, Supplementary Payments With respect to such insurance as is afforded by this policy for the liability coverages, this company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease, or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

■ Our attention is called to the well-established general rule that the insurer is required to defend only those cases which come within the "coverage" afforded by the policy under consideration and that the cases go one step further and hold that the insurer is entitled to rely upon the allegations contained in a plaintiff's petition in determining whether a particular state of facts comes within the coverage of the policy. In the case of Maryland Casualty Co. v. Moritz, 138 S.W.2d 1095 (Tex.Civ.

---

1. Emphasis added throughout.

App.1940, wr. ref.) the court stated the following:

"* * * testing the liability of the insurer to defend, the proof is not material. Liability depends upon the allegations of the plaintiff's petition."

Alluding to the allegations of the plaintiff in the Vallee damage suit hereinbefore first set out, it is the contention of Federal that the following exclusions in its policy specifically exclude coverage when examined in the light of the facts alleged by the plaintiff in the Vallee damage suit:

"Special Exclusions Appliable to Coverage Group C

"This coverage does not apply:

"(b) to the ownership, maintenance, operation, use, loading or unloading of (1) land motor vehicles * * * while away from the premises or the ways immediately adjoining * * *.

"(f) Under Division 1, to injury to or destruction of property used by, rented to or in the care, custody or control of the insured, or property as to which the insured for any purpose is exercising physical control * * *."

Federal argues that it is obvious from the allegations contained in the Vallee damage suit petition that George Z. Forristall was making "use" of the Forristall automobile as well as the Vallee automobile; that it is obvious, also, that George Z. Forristall was exercising "physical control" over the Vallee automobile. And since George Z. Forristall was "using" the Vallee automobile away from the premises (at the Beaumont Country Club and away from 1250 Oakcrest Circle) and exercising "physical control" over said automobile, the Federal policy does not provide coverage and Federal is not obligated, therefore, to defend the Vallee damage suit. They contend that one does not have to be driving an automobile to be "using", "operating" or exercising "physical control" over the automobile.

Appellees assert against Federal's contention that young Forristall was not operating or using the Vallee car; that said car was not under his custody or control and that he was not exercising physical control of said car within the meaning of the "Special Exclusions", Sections "(b)" and "(f)" hereinabove set out.

We do not agree with all of Federal's contentions. We are aware of the general rule that an insurance policy should be construed favorably to the insured and if the language of a policy admits of more than one construction, that most favorable to the insured must be adopted. McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W.2d 679. We do not believe that in the every-day, commonly accepted meaning of the phrases in Exclusion C(f), supra, the Vallee car was being used by, or in the care, custody or control of young Forristall, or that the pleadings in the Vallee damage suit should be construed as having so alleged. To the contrary, however, we believe that the Vallee pleadings, in such connection, should be construed as alleging only an *exclusion* of liability under a part of Group C(f), supra, same being "or property as to which the insured for any purpose is exercising physical control." We make a specific distinction between the phrases of "having custody or control", "use" and "exercising physical control", and we are of the opinion that said Section (f) of Group C of Federal's policy, supra, also clearly makes such distinction. Young Forristall released the "park" or brake on the Vallee car and manually shoved it a sufficient distance to get clearance for the Forristall car. He did not have permission of Vallee to do so but, nevertheless, we have concluded from his actions that he "exercised physical control" within the meaning of the exclusion in Federal's policy. The distinction above made was on the hypothesis that the Vallee car was a log directly blocking the Forristall car. Had young Forristall and Marlow proceeded to lift the log out of the path of the Forristall car, they would not have been *using* same, but would

only have been destroying its effectiveness as a barrier. On the other hand, had they lifted said log and attempted to use the same on the Forristall car as a jacklift, assuming such was necessary for any reason, then we would necessarily hold that said log was being used by them.

The Vallee damage suit being against George D. Forristall, as well as his son, the question also arises whether the Federal policy could afford coverage for the father and not the son. In such connection, Federal argues that the accident having occurred away from the Forristalls' premises that there is only one possibility of the policy affording coverage to George D. Forristall for an accident growing out of the ownership, maintenance, operation and use of a motor vehicle, and that is if the accident had occurred on the premises or the ways immediately adjoining.

■ Exclusions applicable to coverage Group C(b) provides specifically that if an accident involving the use of an automobile occurs away from the premises then there is no coverage. Thus, as to young Forristall, Exclusions (b) and (f) apply and exclude coverage. As to the father, Exclusion (b) applies and excludes coverage. Federal's contentions of no liability to defend are sustained.

Federal's next contention in reply to appellees' 3rd counterpoint regards the trial court's conclusion of law to the effect that Federal had waived its defenses under its policy. In such connection, the record reflects that C. Villiva, an adjuster and agent for Federal, investigated the facts of the claim prior to the time suit was filed by Vallee against the Forristalls and advised:

"Our investigation would indicate that George Forristall, Jr. took the Vallee car out of gear and was then pushing it, and consequently it is our position that the Vallee car was in charge of and under the physical control of George Forristall, Jr. at the time of this incident, and there-

fore we would have no coverage in this instance."

Federal in denying coverage refused to defend either of the Forristalls on the claim against them stating:

"We refer you, in our insured's policy, to the provision referring to physical control of property and the provision referring to use of automobiles away from the insured's premises."

In rebuttal, appellees contend that even though a petition in a damage suit against the insured may have alleged facts that relieved the insurer of its duty to defend, the insurer is under a duty to ascertain facts of cause of action before declining to defend, citing Trinity Universal Ins. Co. v. Bethancourt, Tex.Civ.App., 331 S.W.2d 943; Massachusetts Bonding & Ins. Co. v. Roessler, Tex.Civ.App., 112 S.W.2d 275.

We infer from such rebuttal that appellees would hold that by investigating the facts of the case, Federal waived the right to assert the exclusion provisions as defenses. The trial court made such a finding.

■ The general rule is that waiver or estoppel cannot be invoked so as to bring a loss not within the coverage of a policy within such coverage.

"Thus, a loss not within the coverage of a policy cannot be brought within such coverage by invoking the principle of waiver or estoppel * * *." Appleman's Insurance Law and Practice, Vol. 17, p. 16, § 9404.

"Conditions going to the coverage or scope of a policy as distinguished from those furnishing a ground for forfeiture may not be waived by implication from conduct or action * * *." Appleman's Insurance Law and Practice, Vol. 16, p. 605, § 9083.

■ The Texas decisions parallel the foregoing general rules. In Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854 (Tex.Com.

App.1937), Judge Hickman quoted 32 C.J. p. 1317:

"A waiver cannot operate to bring within the terms of the policy a loss which is expressly excepted therefrom or supply a failure of proof that a loss was covered by the policy."

The exclusions applicable to coverage Group C of the Federal policy go to the scope of coverage of the policy. Obviously the policy was not designed to provide coverage for the subject case, but to the contrary, was designed to specifically exclude coverage. Waiver or estoppel cannot now be invoked to supply coverage where none was intended.

■ The investigation made by Mr. Villiva is not sufficient to constitute a waiver even assuming that this is a case where the doctrine could be invoked. Even though Mr. Villiva made the investigation without taking a non-waiver agreement at the same time he did not assure Mr. Forristall that there was coverage, and as soon as all the facts were known expressly denied coverage. This rule is stated in Appleman's Insurance Law and Practice, Vol. 16, p. 605 § 9083 as follows:

"Conduct and declarations of an adjuster must be inconsistent with a denial of the validity of a policy to support a contention of a waiver. The forfeiture of an insurance policy is not waived by the adjuster stating that he would refer the matter to the company, where he at the same time claims that the company is not liable on the policy. Nor would the acts of an adjuster constitute a waiver where he denied liability as soon as he learned of a breach * * *."

In other words, an investigation cannot constitute a waiver where contemporaneously therewith the adjuster is asserting there is no coverage. Appellees' counterpoint relating to waiver by Federal is overruled.

We defer determination of Federal's and Gulf's points of error relating to their liability for attorneys' fees and the excessiveness thereof, and proceed to determine Gulf's contentions that the trial court erred in holding the Gulf policy provided coverage for the incident in question because the plaintiff's petition in the "Vallee damage suit" did not contain allegations invoking coverage under said policy. As stated in the early part of this opinion, Gulf had issued a standard form "family automobile policy" to George D. Forristall, which policy was effective at the time of the incident in question. It provides that Gulf will pay on behalf of the insured (which included both appellees) all sums which the insured shall become legally obligated to pay as damages because of:

"B. Injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'; arising out of the ownership, maintenance or *use* of the *owned* automobile or any non-owned automobile and the company shall defend any suit alleging such bodily injury or property damage or seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent."

The trial court found that on the occasion in question George Z. Forristall, the minor son of George D. Forristall, was "operating" the owned automobile within the terms of the policy of insurance issued by the defendant, Gulf Insurance Company, at the time he was engaged in unparking the owned automobile. It further found that the use being made by George Z. Forristall of the Forristall automobile at the time of the occurrence was in connection with the parking or unparking of said automobile, and therefore involved the use of the automobile.

Again, as regards Gulf's duty to defend, the only question is whether or not the allegations of the Vallee petition are within the coverage provided by the Gulf policy. Said policy agreed to indemnify Forristall and his son, operating the car with his

father's permission, of and from liability arising out of the ownership, maintenance or use of the owned automobile.

The petition in the Vallee case reflected, as aforesaid, that the Forristall car was parked close behind the Vallee car, and it was alleged that the movement of the Vallee car was "in order that they *might use* the Forristall car and in order to extricate it from the place where they were parked, * * *."

Vallee did not allege that his car was injured as a result of the *use* of the Forristall car. Vallee alleged that young Forristall manually pushed the Vallee car into the river and that he was negligent in: manipulating the gear shift on the *Vallee* car; shoving the *Vallee* car when it was on an incline; failing to control properly the *Vallee* car. Nowhere did Vallee say in his petition that young Forristall was negligent in the use of the Forristall car. But, Vallee did allege that the boys were pushing his car manually so that they could later *use* the Forristall automobile.

The only evidence offered against Gulf was in substance: Gulf's policy, the plaintiff's petition in the Vallee case, and the demand made upon Gulf and its refusal to defend.

■ We sustain Gulf's contentions that the petition in the Vallee damage suit did not allege facts bringing the damage to the Vallee car within the coverage of Gulf's policy. We rest this holding on the following portion of the decision of Wiebel v. Am. Farmers Mutual Ins. Co., 1 Storey 151, 140 A.2d 712 (Del.1958).

Wiebel was asked by his neighbor, Scherff, to assist him in starting his (Scherff's) car. Wiebel drove his car into Scherff's drive-way and pushed the Scherff car toward the highway. However, this was not totally satisfactory so the two men then *manually* pushed the Scherff car the remainder of the distance to the highway and onto the highway, fully intending thereafter to use the Wiebel car to push the Scherff car at a *high rate of speed to* start it. When the two *manually* pushed Scherff's car into the highway, a bad accident happened involving third persons. The above suit was brought to declare the coverages to both Wiebel and Scherff under each one's automobile liability policy.

The Delaware Court held:

(1) Wiebel was *not* using his own automobile for the purpose of invoking his liability coverage. The Court said that although he had used the car and fully intended to use the car later in the operation and although he was pushing the Scherff car manually so that later he could use his automobile to push the other car, that the manual pushing of the Scherff car did not arise out of, nor was it considered a use of the Wiebel car.

If young Forristall had pushed the Vallee car with his own, then obviously, he would have been using his own car. However, when he elected to push the Vallee car manually, he put aside the use of his own car.

Having concluded that Federal and Gulf were under no duty to defend the Forristalls by reason of, or omissions in, the allegations contained in the petition of the plaintiff, Vallee, in his suit against the appellees herein, it is unnecessary to determine Federal's and Gulf's points of error relating to attorneys' fees and the excessiveness thereof. The declaratory judgment of the 136th District Court in favor of appellees against Gulf and Federal is reversed and judgment is here rendered that appellees take nothing against said appellants.

Reversed and rendered.