James Richard McMANUS, Appellant,

v.

FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC., Appellee.

No. 17902.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 26, 1981.

Rehearing Denied May 7, 1981.

Douglas S. Sandage, Funderburk & Funderburk, Houston, for appellant.

Michael G. Terry, Vinson & Elkins, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

SMITH, Justice.

This is a declaratory judgment suit seeking a construction of the Texas Homeowner's Policy to determine the duty of an insurer to defend its insured in a suit alleging negligent entrustment. The trial court held that the insurer had no duty to defend the insured. The following facts gave rise to this suit.

James Richard McManus' father, Harold McManus, owned a trail bike. James, the primary user of the bike, allowed Craig Wooley to use it. Wooley, while using the bike away from the McManus premises, was involved in an accident with Daniel Garcia. Garcia filed suit against Wooley and James McManus. James lived at home with this parents who had purchased a Texas Standard Homeowner's policy from the appellee. James was an insured under the policy in question. When Garcia sued James, James tendered his defense to the appellee, which filed this declaratory action.

The appellant asserts as his only point of error that "the trial court erred in rendering judgment that Fidelity & Guaranty has no duty to defend James Richard McManus, because the allegations against James Richard McManus are based upon the legal theory of negligent entrustment, and as a matter of law do not pertain to the ownership, maintenance, use, loading or unloading of a recreational vehicle."

The trial court submitted two issues to the jury, the first of which read, "Do you find from the preponderance of the evidence that the trail bike was a recreational motor vehicle?" The jury answered, "We do." The second issue pertained to a waiver by the insurer and is not material to this appeal.

Those portions of the policy in question provide:

Coverage D—Personal Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation as settlement of any claim or suit as it deems expedient.

Exclusions—coverage D shall not apply; 4A—to the ownership, maintenance, operation, use, loading or unloading of;

(3) any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the resident premises; ...

Since Texas recognizes negligent entrustment as a theory of liability, the only issue in this case is whether the negligent entrustment action alleged herein arises out of "The ownership, maintenance, operation, use, loading or unloading of; ... a recreational motor vehicle ... away from the resident premises; ...."

The appellate courts of Texas have not heretofore passed upon the precise question raised in this cause of action. However, the question is by no means novel in foreign jurisdictions.

There is a conflict regarding the issue at hand. The foreign jurisdictions have basically divided themselves into two positions, i. e., (1) some jurisdictions hold that the cause of action is not based upon "the ownership, maintenance, operation, use, loading or unloading of; ... any recreational motor vehicle ... away from the residents premises;" but upon the act of negligent entrustment; and the insurance carrier must defend the insured, i. e. *McDonald v. Home Insurance Co.*, 97 N.J.Super. 501, 235 A.2d 480 (1967); [1] and (2) other jurisdictions hold

1. New York, *Lalomia v. Bankers & Shippers Ins. Co.*, 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970); Minnesota, *Republic Vanguard Ins. Co. v. Buehl*, 295 Minn. 327, 204 N.W.2d 426

that the policy exclusion is explicit and unambiguous and, therefore the insurance carrier has no duty to defend the insured under the terms of the policy, i. e., *Cooter v. State Farm Fire and Casualty Company*, 344 So.2d 496 (Ala., 1977).[2]

Texas has long recognized negligent entrustment as a theory of liability. *Allen v. Bland*, 168 S.W. 35 (Tex.Civ.App.—Amarillo 1914, writ ref'd.). The appellee does not contend otherwise; however, it does urge that the policy exclusions are unambiguous and provide no coverage for an accident involving a recreational motor vehicle owned by the insured if the damage occurs away from the premises, even if the basis of appellant's cause of action is negligent entrustment. Appellee cites *Federal Insurance v. Forristall*, 401 S.W.2d 285 (Tex.Civ. App.—Beaumont 1966, writ ref'd; n. r. e.) as authority for its position.

In *Forristall*, Mr. Forristall permitted his son to drive his car to the country club, where he parked it in the parking lot. The son and a friend, when desiring to leave the club, discovered they could not leave, as their car was parked between the claimant's car and another car, and could not be moved. In an effort to extricate their car, they entered the claimant's car and released the gearshift from park. The young men started to push the claimant's car to obtain sufficient distance to move the Forristall car, but the other car was on an incline and continued to roll until it went into a river. The claimant filed suit alleging several counts of negligence against the son, and negligent entrustment against the father. Father and son were insured under a Texas standard comprehensive policy. The court, in holding the insurer had no duty to defend the father, stated "Exclusion (B) applies and excludes coverage." Exclusion (B) in the Forristall policy is almost identical with exclusion 4A in the policy involved in this case.

We believe the facts in our case are distinguishable from the facts in *Forristall*. The negligent entrustment alleged in *Forristall* was from father to son, insured to insured. The negligent entrustment alleged in our case is James McManus to Wooley, insured to third party.

The incident involved in *Forristall* was caused by an insured, while the incident involved in our case was caused by a third party.

Moreover, it appears that the decision in *Forristall* was not decided upon the theory of negligent entrustment, but rather upon other theories discussed in the case. The issue of negligent entrustment was not discussed.

The appellee also cites *Cooter v. State Farm and Casualty Company, supra* as authority for its position. The facts in *Cooter* are similar to those in *Forristall*, in that the alleged negligent entrustment was from father to son, who was involved in an accident. As heretofore noted, the facts are distinguishable from the facts alleged in our case.

There are several well settled rules of law enunciated in earlier cases that aid us in construing this policy. Ambiguities in insurance policies will be interpreted and construed favorably in favor of the insured and

(1973); Kansas, *Upland Mutual Insurance, Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974); and Michigan, *Shelby Mutual Ins. Co. v. United States Fire Insurance*, 12 Mich.App. 145, 162 N.W.2d 676 (1968); and the Federal Court of Appeals, 10th Circuit, is of the opinion that the State of Colorado will follow the Kansas opinion in *Upland Mutual* when confronted with the question, *Douglass v. Hartford Ins. Co.*, 602 F.2d 934 (10th Cir. 1979).

**2.** Arkansas, *Aetna Casualty & Surety Co. v. American Manufacturers Mutual Ins. Co.*, 261 Ark. 326, 547 S.W.2d 757 (1977); Arizona, *Lumbermans Mutual Casualty Co. v. Kosies*, 124 Ariz. 136, 602 P.2d 517 (1979); Connecticut, *LaBonte v. Federal Mutual Ins. Co.*, 159 Conn. 252, 268 A.2d 663 (1970); Florida, *Gargano v. Liberty Mutual Ins. Co.*, 384 So.2d 220 (Fla. 3d DCA, 1980); Illinois, *State Farm Fire and Casualty Co. v. McGlawm*, 84 Ill.App.3d 107, 39 Ill.Dec. 531, 404 N.E.2d 1122 (1980); Massachusetts, *Barnstable County Mutual Fire Ins. Co. v. Lally*, 374 Mass. 602, 373 N.E.2d 966 (Mass.App.1978); New Hampshire, *Hanover Ins. Co. v. Grondin*, 402 A.2d 174 (New Hampshire 1979); and North Dakota, *Great Central Ins. v. Roemmich*, 291 N.W.2d 772 (South Dakota 1980).

strictly against the insurer, especially when dealing with exclusions, exceptions and limitations. *Providence Washington Ins. Co. v. Proffitt*, 150 Tex. 207, 239 S.W.2d 379 (1951). Chief Justice Calvert stated in *Proffitt*, "The Court will not write a limitation into a policy where none exists." If the language of a policy admits to more than one construction, the construction most favorable to the insured must be adopted *McCaleb v. Continental Casualty Co.*, 132 Tex. 65, 116 S.W.2d 679 (1938).

These well settled rules of law have been applied in two recent cases in Texas where the courts were asked to construe insurance policies, *Heyward v. Republic National Life Ins. Co.*, 527 S.W.2d 807 (Tex.Civ.App.—San Antonio 1975, affirmed 536 S.W.2d 549, Tex.) and *Southern Farm Bureau Casualty Co. v. Adams*, 570 S.W.2d 567 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n. r. e.)

In *Heyward*, the insured was shot and was killed by another person in his own home. The insured's surviving spouse filed claim under a group life insurance policy affording accidental death benefits. The insurance carrier took the position that the insured died while participating in or as the result of the commission of a felonious act and that recovery was barred by an exclusion in the policy. The court rejected such contention and stated the insured must be participating in or committing the felonious act for the exclusion to be applicable.

In *Southern Farm Bureau*, the insured had purchased a "Farmer's Comprehensive Personal Insurance" policy which had an exclusion similar to the exclusion in the instant suit except that it applied to "Any aircraft . . ." and further, "To property damage arising out of any substance released or discharged from any aircraft." The insured hired an aviation company to dust crops on his land. The company plane, in spraying the insured's land, sprayed some of the pesticide on an individual, working on a nearby road, injuring him. The worker sued the insured, who tendered his defense to Southern Farm Bureau, who in turn filed a declaratory action suit to determine whether or not it had a duty to de-

fend. The court, in holding the insurer had a duty to defend the insured, noted that the policy was sold to afford comprehensive insurance coverage against liability in the insured's farming business . . . as opposed to liability arising from the farming business. The courts in *Heyward* and *Southern Farm Bureau* construed the exclusions to speak to acts of the insured, not to those of third parties.

This is the same rationale used in *McDonald v. Home Ins. Co., supra,* and other jurisdictions adopting the position that the policy exclusion does not apply to negligent entrustment cases.

The sole allegation made by Garcia against McManus, in our suit, is that "James Richard McManus was negligent in entrusting the trail bike to the reckless and incompetent driver Craig Wooley, and for such reason McManus should also be held responsible to your plaintiffs."

The policy, as noted above, is entitled "Homeowner Policy" and the endorsement encompassing the liability coverage is denominated "Homeowner's Broad Form."

The intent of the parties in this policy, as in all contracts, is of paramount importance in construing its content. Looking then to the policy involved, we first note that the endorsement involved is denominated "Broad Form." The word broad has the connotation of being wide and full. Webster's Dictionary defines broad as "of large extent from side to side; wide; spacious; open; full; wide in range; liberal; comprehensive."

The language adopted in "Coverage D" in the policy, as set out above, indicates that the parties intended the liability coverage to be broad and full. For example, Coverage D states, "To pay on behalf of the insured *all* sums . . . and the company shall defend *any* suit . . . even if *any* of the allegations of the suit are *groundless, false or fraudulent* ; . . . ." (emphasis added)

In contrast to the broad language of the coverage portion of the policy, the exclusions stated in the policy are not phrased in broad language but rather in more specific

and narrower terms. In exclusion 4A of Coverage D it states, "Coverage D shall not apply . . . to the ownership, maintenance, operation, use, loading or unloading of; . . ." and in 4A(3), "any recreational vehicle owned by any insured, if the . . . damage occurs away from the residence premises . . . ." Section 4A is the primary premise of the exclusion involved in this case while Section 4A(3) is a subsection of 4A and is not material unless the prerequisite conditions of section 4A have been actuated.

Does then the exclusion of "ownership, maintenance, operation, use, loading or unloading" encompass the negligent entrustment allegation against the insured under the fact situation involved in this case? We think it does not. The cause of action of negligent entrustment is a separate and distinct cause of action, and in our case involves the *permission to use* not the *use* of the vehicle. The third party, Wooley, was the one alleged to have negligently caused the accident and the insured was not directly involved in the accident. The sole allegation against the insured is negligent entrustment, and such allegation does not involve the "ownership, maintenance, operation, use, loading or unloading" by the insured.

We hold that this court can not add a limitation to the policy where such limitation is not in the policy. *Providence Washington Ins. Co. v. Proffitt, supra.*

We further hold that exclusions 4A and 4A(3) in "Coverage D" of this policy are capable of more than one reasonable interpretation, and therefore, the construction most favorable to the insured must be adopted. *McCaleb v. Continental Casualty Co., supra.*

The appellant's point of error is sustained, the judgment of the trial court is reversed and judgment is rendered that appellee has a duty to defend appellant in the negligent entrustment suit filed against appellant.