SHELBY MUTUAL INSURANCE CO., v.
UNITED STATES FIRE INSURANCE COMPANY.

OPINION OF THE COURT.

1. INSURANCE—CONSTRUCTION OF HOMEOWNERS' POLICY.
    Homeowners' insurance policy imposing liability upon insurer "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage" recognizes that each member of the family is separately insured and that there is a separate liability to each insured.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance §§ 245, 246, 251, 264.
[2] 29 Am Jur, Insurance §§ 258, 264.
[3] 29 Am Jur, Insurance § 264.
[4, 5] 39 Am Jur, Parent and Child § 55.
[6] 29 Am Jur, Insurance § 227.

2. Same—Construction of Policy.

The terms of an insurance policy are liberally construed to favor coverage, and exclusionary clauses are strictly construed, also to favor coverage.

3. Same—Construction of Policy—Nature of Liability.

Obligation of parents to pay automobile dealer for damage done when a car was stolen by their minor son and wrecked *held,* covered by parents' homeowners' policy even though the policy excludes coverage for loss arising from the use of an automobile because the obligation of the parents was imposed by statute for malicious destruction of property independently of the means by which the child employed to cause the destruction (CLS 1961, § 600.2913, as amended by PA 1962, No 23).

Dissenting Opinion.

J. H. Gillis, J.

4. Parent and Child—Parents' Liability for Child's Tort—Statute.

*The statute imposing liability on parents for malicious injury to property by their unemancipated minor child does not create a new and independent cause of action dissociated from the original cause of action against the child (CLS 1961, § 600-.2913, as amended by PA 1962, No 23).*

5. Same—Liability for Tort of Child—Nature of Claim.

*A statute that imposes liability on parents for malicious injury to property by their minor children shifts the liability for injury without changing the nature of the cause of action (CLS 1961, § 600.2913, as amended by PA 1962, No 23).*

6. Insurance—Liability for Tort of Child—Exceptions to Coverage.

*Action by car dealer's subrogee against insurer of parents on homeowners' policy for loss occurring when a minor child of the insured stole a car from the dealer and destroyed it is still a cause of action based on injury resulting from improper use of an automobile and thus comes within a clause of the homeowners' policy excluding such injuries from coverage.*

Appeal from Common Pleas Court of Detroit, Rodgers (Julian P., Jr.), J. Submitted Division 1 October 4, 1967, at Detroit. (Docket No. 2,961.)

Decided June 27, 1968. Leave to appeal granted September 27, 1968. See 381 Mich 777.

Declaration in garnishment by the Shelby Mutual Insurance Co., subrogee of Elmer E. Katterheinrich, doing business at Katterheinrich Motor Sales, against United States Fire Insurance Company to recover on a claim against garnishee defendant's insured arising out of statutory liability for damages caused by a malicious act of the insured's minor son. Judgment for defendant. Plaintiff appeals. Reversed.

*Sullivan, Sullivan, Hull & Ranger,* for plaintiff.

*Feikens, Dice, Sweeney & Sullivan* (*Altero J. Alteri,* of counsel), for defendant.

T. G. KAVANAGH, J. The plaintiff brought this action in garnishment against the defendant insurance company under the terms of defendant's policy of comprehensive liability insurance.

The facts giving rise to this claim are these:

Frank X. and Mary Holzer were insured by defendant under a homeowners' policy which provided in pertinent part:

"Provisions applicable to section II

"This company agrees with the named insured. * * *

"1. Coverage E-Personal liability:

"(a) Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage. * * *

"Section II of this policy does not apply: * * *

"(b) Under coverages E and F, to the *ownership, maintenance, operation, use,* loading or unloading of (1) automobiles or midget automobiles *while*

*away from the premises* or the ways immediately adjoining * * *. (Emphasis added.)

"(f) Under insuring agreement (1) (a) of coverage E, to property damage to property used by, rented to or in the care, custody or control of the insured, or property as to which the insured for any purpose is exercising physical control."

The insurance policy provisions themselves recognize that each member of the family is separately insured and that there is a separate liability to each insured. The policy states:

"General Conditions
"Definitions
"(a) The insurance afforded under coverage E applies separately to each insured against whom claim is made and suit is brought."

The insureds' minor son, Wilfred D. Holzer, stole an automobile from Katterheinrich Motor Sales and damaged it through reckless operation. The plaintiff insurance company, subrogee of Katterheinrich Motor Sales, obtained a judgment in the amount of $472 against the parents of the minor child pursuant to CLS 1961, § 600.2913, as amended by PA 1962, No 23 (Stat Ann 1962 Rev § 27A.2913)* which renders parents liable to the extent of $500 in damages for malicious and wilful acts of minors under 18 years of age residing in the parental home.

Subsequent to the judgment, a garnishment action was filed against the defendant, United States Fire Insurance Company asserting liability under their comprehensive personal liability policy with the Holzers. The defendant refused to pay, relying on the special exclusions in the policy for liability arising out of the use of automobiles.

The only question on appeal is whether this homeowners' policy affords coverage for statutory lia-

---

* Since amended by PA 1967, No 184, effective July 1, 1968.

bility imposed upon parents under CLS 1961, § 600-.2913, as amended by PA 1962, No 23 (Stat Ann 1962 Rev § 27A.2913) where the wanton and malicious act of the child is performed through the use of an automobile.

It is admitted by the plaintiff that if judgment had been obtained against Wilfred Holzer, the minor, the exclusion would apply and the defendant would be under no duty or obligation to pay a judgment against him. However, as the judgment is not against the minor child but is against the insured parents by virtue of the statute imposing liability, it is plaintiff's contention that the exclusion does not apply and that defendant has an absolute duty under coverage E of the contract of insurance to pay the full amount of the judgment.

On the other hand, defendant admits that if the judgment against the parents were for damages caused by the use of any instrumentality other than an automobile the exclusion would not apply and they would be obligated to pay the judgment under the contract.

To decide this question, then, we must construe the policy of insurance.

The rules of construction of an insurance policy are well known. If the question is whether the policy be broad enough to cover an asserted liability the terms are liberally construed to favor coverage. If the question is whether the exclusionary provisions of a policy avoid the asserted liability, the exclusionary language is strictly construed, again to favor insurance.

If the insurance afforded by the policy applies to each insured, it would seem that the exclusion of such coverage should be tested against the liability sought to be enforced.

Assuming A, B and C are each insured under the policy, and A and B are independently liable in suits against them arising out of C's act there is no provision of the contract which should be construed to deny them coverage simply because C's coverage would be excluded if an action were brought against him.

Here the parents are liable because of the statute which becomes operative on account of the maliciously destructive act of the child, independent of the means the child employed to cause the destruction.

To extend the exclusionary language of this policy in our view violates the general rule of construction of insurance policies.

For this reason we hold that the decision of the trial court must be reversed. Appellant may tax costs.

LESINSKI, C. J., concurred with T. G. KAVANAGH, J.

J. H. GILLIS, J. (*dissenting*). I cannot subscribe to the notion that the statute in question* creates a new and independent liability disassociated from the original cause of action. The liability of the parents still depends on the wrongful actions of their child. The cause of action against the parents is nonetheless generated by the destruction of property by the use of an automobile. The statute shifts liability without changing the nature of the cause of action. The complaint is still based on the injury to property occasioned by the improper operation of an automobile and comes within the exclusionary provision of the policy.

I would affirm.

---

* CLS 1961, § 600.2913, as amended by PA 1962, No 23 (Stat Ann 1962 Rev § 27A.2913).