Bertram Harriett, J.
This proceeding presents the question of whether a homeowner’s insurance policy provides coverage for injuries resulting from a collision away from the home involving an automobile owned and operated by the insured’s minor son. On May 22, 1971, Gary Chahalis, an infant under-21 years of age, driving his own car, collided with an automobile carrying Rudolph and Emma Bonapace. Having brought suit against both Chahalis, the Bonapaces collected the maximum amount payable under the automobile liability policy and gave a conditional release to the son. Upon the Bonapaces pressing their further claim against the father, Government Employees Insurance Company (geico), the carrier of the father’s homeowner policy, brought this separate action for declaratory judgment to determine its liability under that policy.
The complaint in the primary action contains four causes of action against Peter Chahalis, grounded on a common claim that the father had custody of his son, was aware or should have been aware of the boy’s incompetence to drive because of his use of or addiction to narcotics, and despite this knowledge paid for and gave to his son a dangerous instrumentality, namely, an automobile for use on public highways. The Bonapaces seek to hold the father liable on a common-law theory of both negligence or strict liability for the natural consequences of these actions, which they claim include the occurring of this *209 accident. (See Carmonia v. Padilla, 4 A D 2d 181, affd. 4 N Y 2d 767; MacPherson v. Buick Motor Co., 217 N. Y. 382.)
In deciding whether coverage exists under the homeowner policy for any liability claimed against the father, the allegations made in the primary action must be taken as true. (See Wagman v. American Fid. & Cas. Co., 304 N. Y. 490.)
The geico policy here contains the standard homeowner coverage and exclusion claims. It provides that the carrier agreed: “to pay on behalf of [Peter Chahalis] all sums which [Peter Chahalis] shall become legally obligated to pay as damages because of bodily injury or property damage and * * * shall defend any suit against [Peter Chahalis] alleging such bodily injury or property damages and seeking damages which are payable under the terms of this policy even if any of the allegations of the suit are groundless * * [and] to pay for loss of property of others caused by [Peter Chahalis] (geico homeowner policy, § II, par. 1.)
However, by express provision, the policy does not apply: ‘ ‘ to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles or midget automobiles while away from the premises or the ways immediately adjoining ” (geico homeowner policy, § II, “Exclusion” [b]).
The father’s liability, if any, is not claimed through his “ ownership, maintenance, operation [or] use ” of the automobile which his son drove at the time of the unfortunate accident. Rather, the act complained of is the father’s allowing his son, with a known condition rendering his driving risky or unsafe, to have and operate the car.
In Lalomia v. Bankers & Shippers Ins. Co. (35 A D 2d 114), the carrier sought refuge in the exclusionary language of a homeowner -policy to escape liability for an accident caused by the insured’s son’s operation of a motorized bicycle several blocks from the house. After concluding that the bicycle was an “ automobile ” for purposes of determining policy coverage, the Appellate Division, Second Department, found that the claimed theory of liability was not within the excluded areas under the policy. It held (p. 117): “ However, the complaint in the plaintiffs ’ negligence action alleges, in effect, that Daniel Haddock was guilty of negligence in placing a dangerous instrumentality in the possession of and at the disposal of a 12-year-old boy, knowing that it could be used in a dangerous manner likely to cause harm to others. These allegations set forth a valid cause of action grounded in common-law negligence (cf. Steinberg v. Cauchois, 249 App. Div. 518, 519; Kuchlik v. Feuer, *210 239 App. Div. 338, affd. 264 N. Y. 542; Carmona v. Padilla, 4 A D 2d 181, affd. 4 N Y 2d 767). This theory of action is not directly related to the ‘ ownership, maintenance, operation, use ’ of the vehicle and imposes an obligation upon the insurer within the terms of its policy (see McDonald v. Home 1%%. Co., 97 N. J. Super. 501) ”. (See, also, Hubert v. Fireman’s Fund Ins. Co., 39 A D 2d 549; Travelers Ins. Co. v. Beschel, 71 Misc 2d 420.)
With due respect to the hazards of “ mini ” and motor bike operation, it can hardly be gainsaid that an automobile, being both heavier and faster, is not at least as much or a more dangerous instrumentality. And, the theory which places responsibility for giving a dangerous instrumentality to a 12-year-old boy would likewise extend to giving an even more hazardous vehicle to a minor with a known affliction that unfavorably affects his driving capability. Accordingly, geico’s policy extends to cover any liability found against Peter Chahalis as a result of his entrusting the automobile to his son.
While certain facts relating to the accident and therefore to the “ ownership, maintenance, operation [or] use ” of the automobile must be developed even under the Bonapaces’ claim against the father, they are pertinent only to establish a causal relation between unreasonably permitting the son to drive the car and the later occurrence of the accident itself. This does not alter or affect the gravamen of the claim against the father which is not excluded from coverage under the homeowner policy.
A declaratory judgment is therefore granted holding that under the provisions of the homeowner policy, geico is obligated to defend Peter Chahalis in the primary action, and to indemnify him against any judgment that may be rendered thereby against him, within the policy limits. The judgment will also incorporate the finding made in the court’s oral decision after presentation of the evidence in this action that timely notice of this action was given to geico,by Peter Chahalis.