344 So.2d 496 (1977)
Wanza COOTER, as guardian, etc.
v.
STATE FARM FIRE AND CASUALTY CO., a corp.
SC 1810.
Supreme Court of Alabama.
April 8, 1977.
C. Lynwood Smith, Jr., and David B. Blankenship, Huntsville, for appellant.
L. Tennent Lee, III, Huntsville, for appellee.
PER CURIAM.
This is an appeal from the decree of the Circuit Court of Marshall County, declaring that the language of a homeowner's insurance policy did not require the insurer to defend or pay any judgment rendered in the suits brought against the insureds.
On December 25, 1972, Bruce Knight was injured in an automobile accident while riding as a passenger in an automobile owned by Billy F. Kleinklaus and driven by his minor son, James Wayne Kleinklaus. At the time of the accident, Billy Kleinklaus had a homeowner's insurance policy with State Farm Fire and Casualty Co., covering him as the named insured and James Kleinklaus as his minor son residing in his household. In pertinent part, the policy provided as follows:
"COVERAGE EPERSONAL LIABILITY:
"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. This Company shall not be obligated to pay any claim or judgment or to defend any suit after the *497 applicable limit of this Company's liability has been exhausted by payment of judgments or settlements.
* * * * * *
"THIS POLICY DOES NOT APPLY: "1. Under Coverage EPersonal Liability * * *:
"(a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:
* * * * * *
"(2) Any motor vehicle owned or operated by, or rented or loaned to any insured: * * *."
Wanza Cooter, as guardian of Bruce Knight who was non compos mentis, brought two actions in the Circuit Court of Marshall County, one against James Kleinklaus for the negligent operation of an automobile and another against Billy Kleinklaus for the negligent entrustment of an automobile. State Farm brought an action in the same court against all parties, requesting a declaration that, under the terms of its homeowner's policy, it was neither obligated to defend nor to pay any judgment in Ms. Cooter's action against Billy Kleinklaus. She appeals from the decree as to this action. We affirm.
The sole issue before us is whether State Farm, the insurer, is obligated, under the language of the homeowner's policy, to defend and pay any judgment in an action against Kleinklaus, the insured, for negligent entrustment of an automobile.
Counsel for each of the parties assert, and we agree, that the question of coverage under a homeowner's policy for negligent entrustment of an automobile is one of first impression in this State. This Court, however, has defined the doctrine of negligent entrustment in Gardiner v. Solomon, 200 Ala. 115, 75 So. 621 (1917), where Chief Justice Anderson said:
"While automobiles are not inherently regarded as dangerous instrumentalities, and the owner thereof is not responsible for the negligent use of same, except upon the theory of the doctrine of respondeat superior, yet there is an exception if he intrusts it to one, though not an agent or servant, who is so incompetent as to the handling of same as to convert it into a dangerous instrumentality, and the incompetency is known to the owner when permitting the use of the vehicle."
For later statements of this doctrine, see Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740 (1943), and Rush v. McDonnell, 214 Ala. 47, 106 So. 175 (1925).
While the rationale of "negligent entrustment" is not founded upon negligence of the driver of an automobile, but upon the primary negligence of the entruster for supplying an automobile to an incompetent driver, the manifestation of the incompetence of the user is an essential element to the gravamen of the negligent entrustment action. That is to say, but for the incompetent driver's misconduct in the use of the automobile, no liability could result to the entrustor. We will develop this point further as we discuss the respective contentions of the parties.
Appellee, State Farm, in support of the trial Court's holding, asserts two separate contentions:
1. "Coverage for Negligent Entrustment of a Motor Vehicle is Provided Under the Standard Automobile Liability Policy on the Theory That Bodily Injury Suffered By the Third Party Arises Out of the Ownership, Maintenance and Use of a Motor Vehicle.
2. "The Bodily Injury Suffered By Bruce Knight Arose Out of the Ownership of the Vehicle By Billy F. Kleinklaus As Well As From Its Use By James Wayne Kleinklaus."
The first contention (which may be denominated as the "dovetail" or "complementary" theory) stresses the wording of the standard automobile liability policy". . . [liability] caused by accident arising out of the ownership, maintenance or use . . . of the owned motor vehicle." The dovetailing effect of this language with the identical language in the homeowner's exclusion, says State Farm, *498 produces the logical result ". . . that [because] negligent entrustment under an automobile policy is held to arise out of the ownership of the vehicle, then negligent entrustment would be excluded as arising out of the ownership of a motor vehicle under a homeowner's policy."
At first glance, the logic of this contention appears almost compelling. On further analysis, however, we are constrained to reject this line of reasoning. While comparison of contractual provisions in separate contracts between the same parties may be a legitimate means to judicial construction, such comparison here could hardly serve as the basis for decision. There is no showing that these parties stand in the relationship of insurer and insured as to an automobile liability policy; and, assuming they did, the nature of the standard pre-prepared contractual provision of policies of insurance would preclude any such comparative analysis for purposes of interpretation. State Farm's contention in this regard could be sustained only on considerations of public policy, and then only where proof shows two or more policies between the same parties, which is not the case before us. Thus, the homeowner's policy must stand or fall on its own merits according to the exclusionary clause quoted above.
We now consider State Farm's second contentionthat plaintiff's injuries arose out of the insured's ownership as well as his son's use of the vehicle. This argument stands over against the appellant's contention that liability is grounded upon negligent entrustment of the vehicle, not its negligent use by the one to whom it is entrusted. It is on this point that we agree with appellee, State Farm, and thus affirm the trial Court.
The fatal weakness of the appellants' contention for coverage lies in its failure to acknowledge one of the elements essential to recovery for negligent entrustmentthe negligent operation of the motor vehicle. An excellent statement of the rule is found in Alabama Pattern Jury Instruction, 26.16:
"The burden of proof is upon the plaintiff to reasonably satisfy [the jury] by the evidence of each of the following conditions:
"1. That the defendant (was the owner) (had the custody and control) of the vehicle involved in the occurrence complained of and did negligently entrust the vehicle to . . . (name driver) . . .
"2. That the driver . . . (name) . . . (was incompetent to operate the vehicle) (or state averments of complaint as to incompetence of driver).
"3. That the defendant knew, or by the exercise of reasonable care should have known that . . . (name driver). . . (was incompetent to operate the vehicle) (or state averments of complaint as to incompetency of driver).
"4. That the plaintiff was (injured) (damaged) as a proximate consequence of the negligence and incompetency of . . . (name driver) concurring with the negligent entrustment of the vehicle to him by the defendant."
See also Redmond v. Self, 265 Ala. 155, 90 So.2d 238 (1956); and Comment, "Negligent Entrustment in Alabama," 23 Ala.L.Rev. 733.
We have not overlooked four jurisdictions, cited by the appellant, which hold in favor of coverage under like or similar circumstances:

Upland Mutual Insurance, Inc. v. Noel, 214 Kan. 145, 519 P.2d 737 (1974).

Republic Vanguard Insurance Co. v. Buehl, 295 Minn. 327, 204 N.W.2d 426 (1973).

Government Employees Insurance Company v. Chahalis, 72 Misc.2d 207, 338 N.Y.S.2d 348 (1972).

McDonald v. Home Insurance Co., 97 N.J.Super. 501, 235 A.2d 480 (1967).
The rationaleconcluding in favor of coverage in each of these casesis perhaps best summarized by the Kansas Court in Upland Mutual:
"In this case the action filed by the Forresters against the Noels was not based upon the `ownership, maintenance, operation, use, loading or unloading of. . . automobiles', even though the *499 immediate cause of the injury and death was Steven's operation of the automobile. The basis of the Forresters' action was the alleged negligence of the Noels in knowingly entrusting an automobile to a careless and reckless driver."
The plain wording of the exclusionary provision reveals the deficiency in this rationale. While liability (apart from coverage) for negligent entrustment is not conditioned upon the entrustor's ownership or use of the vehicle, negligent use by the one to whom it is entrusted is essential to recovery. It is the concurrence of these dual elementsnegligent entrustment by the owner or custodian of the instrumentality plus its negligent use by the entrustee that is missing in the rationale of those cases upholding coverage. Taken literally, this line of reasoningthat negligent entrustment of the vehicle, and not its use, is the basis of insured's alleged liabilitythe injured party could recover absent any showing that the incompetent to whom the vehicle is entrusted caused the injury by his negligent use of the vehicle. As we have already observed, this does not comport with the elements that make up this tort concept of negligent entrustment.
The clear and unambiguous language here applicable is susceptible of but one meaning; that this homeowner's policy excludes personal liability coverage for bodily injury arising out of the ownership and use of an automobile owned or operated by the insured. It is the very condition spelled out in this exclusion from coverage that must be proved in fixing liability against the insured under the negligent entrustment doctrine. Once the essential elements of the tort claim for negligent entrustment of a motor vehicle are proved, the policy exclusion is likewise legally operative so as to effectively bar liability of the insurer. Federal Insurance Company v. Forristall, 401 S.W.2d 285 (Tex.Civ.App.1966).
Those cases holding to the contrary have apparently confused the concept of joint tort feasor, which permits recovery against each of several defendants, and the contract restriction which voids coverage for such combined misconduct involving the use of the insured's vehicle.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES and BEATTY, JJ., concur.
BLOODWORTH, FAULKNER and EMBRY, JJ., and FRANK B. EMBRY, Retired Circuit Judge, sitting by designation of the Chief Justice, dissent.
FAULKNER, Justice (dissenting).
I dissent.
Until this decision the question of coverage under a so-called "homeowner's policy" for negligent entrustment of an automobile has never been decided by this court. Nevertheless, this court has defined the doctrine of negligent entrustment. This court said in Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740 (1943),
"Under the doctrine above stated [negligent entrustment] . . . `the owner's liability . . . is based upon his own negligence in intrusting the automobile to such person,'incompetent driver."
The court in an earlier case, Rush v. McDonnell, 214 Ala. 47, 106 So. 175 (1925), said,
"We are not confusing the liability of the driver of the car, or of his principal, for the negligent operation of the car, with the liability of the owner or custodian of the car for intrusting its operation to an incompetent driver. The two phases of liability are separate and distinct, and in the latter case the liability is not based upon the doctrine of respondeat superior."
Perhaps the doctrine of negligent entrustment is more clearly stated in Gardiner v. Solomon, 200 Ala. 115, 75 So. 621 (1917), where Chief Justice Anderson said,
"While automobiles are not inherently regarded as dangerous instrumentalities, and the owner thereof is not responsible for the negligent use of same, except upon the theory of the doctrine of respondeat superior, yet there is an exception if he intrusts it to one, though not an agent *500 or servant, who is so incompetent as to the handling of same as to convert it into a dangerous instrumentality, and the incompentence is known to the owner when permitting the use of the vehicle."
Thus, the principle of "negligent entrustment" is not founded upon negligence of the driver of an automobile, but upon the primary negligence of the entruster by supplying an automobile to an incompetent driver. The action is not directly related to ownership, maintenance, operation, use, loading or unloading of a motor vehicle.
While this court has not considered the question of coverage under a homeowner's policy for negligent entrustment, other jurisdictions have. In McDonald v. The Home Ins. Co., 97 N.J.Super 501, 235 A.2d 480 (1967) the court said,
"We hold that Home was obliged to defend the McDonalds against the Dorman action. The action against the McDonalds was not based upon `the ownership, maintenance, operation, use, loading or unloading of . . . automobiles. . .,' even though the immediate cause of the injury and death of Dorman, Jr. was Mickey's operation of the automobile. The action was based upon their alleged negligence in failing to supervise and control their child, knowing of his violent and dangerous habits."
Other jurisdictions holding that coverage is provided to the insured under a homeowner's policy in negligent entrustment cases include Kansas, Upland Mutual Insurance, Inc. v. Noel, 214 Kan. 145, 519 P.2d 737 (1974); Minnesota, Republic Vanguard Insurance Company v. Chahalis, 72 Misc.2d 207, 338 N.Y.S.2d 348 (1972).
I would hold that State Farm must, under the terms of the homeowner's policy, defend the action against its insured, based on negligent entrustment, and pay any judgment (not to exceed the policy limits, of course) its insured is obligated to pay. The exclusions under the policy do not apply to this form of action.
BLOODWORTH and EMBRY, JJ., and FRANK B. EMBRY, Special Judge, concur.