602 P.2d 517

**LUMBERMENS MUTUAL CASUALTY COMPANY, an insurance company, Plaintiff/Appellee,**

v.

**Allen J. KOSIES and Mary Ann Kosies, husband and wife, Defendants/Appellants.**

**No. 2 CA–CIV 3274.**

Court of Appeals of Arizona, Division 2.

Oct. 26, 1979.

Everett, Bury & Moeller, P.C. by David C. Bury and Marshall Humphrey, III, Tucson, for plaintiff/appellee.

Lesher, Kimble & Rucker, P.C. by Marvin Borodkin and Robert O. Lesher, Tucson, for defendants/appellants.

OPINION

HOWARD, Judge.

This is an appeal from a declaratory judgment declaring a homeowner's policy did not cover the insureds in an action arising from an automobile accident. We agree with the trial court and affirm.

The Kosies were plaintiffs in an action filed in the Superior Court of Pima County against the defendant Gall for the death of Kosies' daughter, Coreena. The complaint alleged that the accident was caused by the negligent driving of David K. Gall who was at the time driving a vehicle owned by the Galls and provided to him for his use as a member of their family. The Kosies' theory of negligence against the Galls was that of negligent entrustment.

The homeowner's policy of insurance which insured the Galls excluded liability for bodily injury ".    .    . arising out of the ownership, maintenance, operation, use, .    .    . of .    .    ." any motor vehicle owned or operated by the insured.

Four jurisdictions have held under similar provisions that the homeowner's policy would provide coverage for negligent entrustment. *Upland Mutual Insurance, Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974); *Republic Vanguard Insurance Co. v. Buehl*, 295 Minn. 327, 204 N.W.2d 426 (1973); *McDonald v. Home Insurance Co.*, 97 N.J.Super. 501, 235 A.2d 480 (1967); *Lalomia v. Bankers & Shippers Insurance Co.*, 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970), aff'd, 31 N.Y.2d 830, 339 N.Y.S.2d 680, 291 N.E.2d 724 (1972). The rationale of these cases is that negligent entrustment is a separate and distinct tort and therefore any claim for relief based on such theory is not based upon the "ownership, maintenance, operation, use," of an automobile. We believe

these cases are based upon faulty reasoning and therefore choose to follow the law of the following jurisdictions which more closely conforms to Arizona law. See *Cooter v. State Farm Fire and Casualty Co.*, 344 So.2d 496 (Ala.1977); *Aetna Casualty and Surety Co. v. American Manufacturers Mutual Insurance Co.*, 261 Ark. 326, 547 S.W.2d 757 (1977); *Barnstable County Mutual Fire Insurance Co. v. Lally*, —— Mass. ——, 373 N.E.2d 966 (1970). We agree with the following reasoning in *Cooter v. State Farm Fire & Casualty Company*, supra:

"The plain wording of the exclusionary provision reveals the deficiency in this rationale. [The rationale of those courts which have held there was coverage.] While liability (apart from coverage) for negligent entrustment is not conditioned upon the entrustor's ownership or use of the vehicle, negligent use by the one to whom it is entrusted is essential to recovery. It is the concurrence of these dual elements—negligent entrustment by the owner or custodian of the instrumentality plus its negligent use by the entrustee—that is missing in the rationale of those cases upholding coverage. Taken literally, this line of reasoning—that negligent entrustment of the vehicle, and not its use, is the basis of insured's alleged liability—the injured party could recover absent any showing that the incompetent to whom the vehicle is entrusted caused the injury by his negligent use of the vehicle. As we have already observed, this does not comport with the elements that make up this tort concept of negligent entrustment.

\*    \*    \*    \*    \*    \*

Those cases holding to the contrary have apparently confused the concept of joint tort feasor, which permits recovery against each of several defendants, and the contract restriction which voids coverage for such combined misconduct involving the use of the insured's vehicle." 344 So.2d at 499 [1]

In order to prove negligent entrustment it is necessary for the plaintiff to show, among other things, that the defendant owned or controlled the motor vehicle concerned and gave the driver permission to operate the vehicle. It is evident that negligent entrustment as a distinct and specific cause of action is not exclusive of, but rather is derived from the more general concept of ownership, operation and use of a motor vehicle. Therefore, it would be illogical to conclude that the exclusionary clause does not apply specifically to negligent entrustment of the vehicle. See *Barnstable County Mutual Fire Insurance Company v. Lally*, supra. The homeowner's policy exclusion at issue here does not apply when there is no connection between the use or operation of the automobile and the negligent act. See *Brenner v. Aetna Insurance Co.*, 8 Ariz. App. 272, 445 P.2d 474 (1968). Since there would have been no accident in this case without the use or operation of an automobile, the exclusion clearly applies.

Affirmed.

RICHMOND, C. J., and JOHN P. COLLINS, Superior Court Judge, concurring. NOTE: Judge James D. Hathaway, having recused himself in this matter, Judge John P. Collins was called to sit in his stead and participate in the determination of this decision.

---

1.  *Cooter* assumes a situation when the driver is negligent. Actually there can be a situation in which there is negligent entrustment but no negligence on the part of the driver. However, in such a situation the driver's operation or use of the vehicle is necessary before the tort or negligent entrustment arises.