STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, *v.* DIANNA L. McGLAWN *et al.*, Defendants-Appellants.

Fourth District    No. 15680

Opinion filed May 13, 1980.

James Walker, Ltd., of Bloomington, for appellant Dianna L. McGlawn.

Yoder and Yoder, of Bloomington, for appellant Reginald Ragland.

Westervelt, Johnson, Nicoll & Keller, of Peoria (George D. Browning and Jeffrey W. Jackson, of counsel), for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Plaintiff filed this action in declaratory judgment (Ill. Rev. Stat. 1977, ch. 110, par. 57.1) in the circuit court of McLean County to determine its liability under a policy of insurance commonly known as a homeowner's policy. The trial court entered summary judgment for plaintiff and this appeal followed.

The declaratory judgment action arose by reason of an underlying lawsuit in which defendant McGlawn, through her father and next friend, brought suit against defendant Ragland on account of injuries sustained by McGlawn, and allegedly inflicted by Ragland's minor son Robert. The theory of the underlying suit is one of negligent entrustment. It is alleged that the senior Ragland, defendant here, negligently entrusted a motorcycle to his son Robert, and that Robert negligently injured McGlawn. The injuries are admitted serious.

No questions are raised that the homeowner's policy was not in force,

nor that Robert Ragland was not an insured within the meaning of the policy. The controversy centers about an exclusion in the policy for bodily injury arising out of the maintenance of any motor vehicle loaned to any insured. There is a minor difference of opinion between the parties as to ownership of the motorcycle, but the underlying amended complaint alleges that Reginald Ragland "maintained" certain motorcycles.

The basic question to be answered is whether, admitting that the exclusion would apply to an action sounding in common negligence, negligent entrustment is a sufficiently different cause of action to be covered by the broad language of the policy. The language at issue reads, in part, as follows:

"SECTION II
COVERAGES
COVERAGE E—PERSONAL LIABILITY

This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. * * *

DEFINITIONS

Applicable only to Section II * * *

5. 'occurrence' means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage. * * *

EXCLUSIONS

THIS POLICY DOES NOT APPLY:

1. Under Coverage E—Personal Liability * * *

(a) To bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

(1) any aircraft; or

(2) any motor vehicle owned or operated by, or rented or loaned to any insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or

(3) any recreational motor vehicle owned by any insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes. * * *""

The parties to this appeal are in agreement that this is a case of first impression in Illinois, and that this court is called upon to choose between

two lines of authority which have been decided in twelve different jurisdictions.

Plaintiff cites *Cooter v. State Farm Fire & Casualty Co.* (Ala. 1977), 344 So. 2d 496, *Barnstable County Mutual Fire Insurance Co. v. Lally* (Mass. 1978), 373 N.E.2d 966, *Aetna Casualty & Surety Co. v. American Manufacturers Mutual Insurance Co.* (1977), 261 Ark. 326, 547 S.W.2d 757, and *Federal Insurance Co. v. Forristall* (Tex. Civ. App. 1966), 401 S.W.2d 285. These cases stand for the proposition that while negligent entrustment is a cause of action separate and distinct from an action to recover for ordinary negligence involving an automobile or other motor vehicle, because negligence with a motor vehicle is a necessary part of the proof required in a negligent entrustment action, the courts have determined that the actual actionable event was negligence involving a motor vehicle. Plaintiff argues that its line of cases should be adopted because they are better reasoned and more recent.

Defendants cite *Shelby Mutual Insurance Co. v. United States Fire Insurance Co.* (1968), 12 Mich. App. 145, 162 N.W.2d 676, *Government Employees Insurance Co. v. Chahalis* (Sup. Ct. 1972), 72 Misc. 2d 207, 338 N.Y.S.2d 348, *Republic Vanguard Insurance Co. v. Buehl* (1973), 295 Minn. 327, 204 N.W.2d 426, *McDonald v. Home Insurance Co.* (N.J. App. 1967), 97 N.J. Super. 501, 235 A.2d 480, and *Upland Mutual Insurance, Inc. v. Noel* (1974), 214 Kan. 145, 519 P.2d 737. This line of cases was decided on the rationale that negligent entrustment actions were separate and apart from actions predicated on liability arising from the use and operation of a motor vehicle, and that coverage of such risks under a homeowner's policy could not be excluded solely by the provision at issue here. Furthermore, those courts ruled that the insurance company was obligated to defend because exceptions, limitations, and exclusions to agreements of insurance require a narrow construction because the insurer, having affirmatively expressed coverage through broad promises in the insuring clause, assumes a duty to define limitations on that coverage in clear and explicit terms. If insurance companies desired not to include as an insured risk the risk of negligent entrustment liability it would be easy for them to say so in their schedule of exclusions.

At oral argument in this cause certain additional cases on the subject were cited to us, these having been decided since briefs were filed. *Douglass v. Hartford Insurance Co.* (10th Cir. 1979), 602 F.2d 934, was decided in favor of the insureds. *Lumbermen's Mutual Casualty Co. v. Kosies* (1979), 124 Ariz. App. 136, 602 P.2d 517, and *Hanover Insurance Co. v. Grondin* (1979), ___ N.H. ___, 402 A.2d 174, were decided in favor of the insurers, the latter case involving watercraft.

We concur with the plaintiff that the cases cited by it are better reasoned. In addition, the cases favoring the insurers are of later vintage

with the exception of *Douglass*. The number of cases on either side is of no significance; it is the developing trend of authority with which we are impressed.

Illinois has long recognized the tort of negligent entrustment. (*Bensman v. Reed* (1939), 299 Ill. App. 531, 20 N.E.2d 910; *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235; *Giers v. Anten* (1978), 68 Ill. App. 3d 535, 386 N.E.2d 82.) In order to state a cause of action for negligent entrustment two elements must appear: (1) A negligent entrustment, and (2) that the incompetence of the entrustee was the proximate cause of the injury.

> "The liability of the owner does not arise by merely proving that he gave permission to an incompetent driver to drive his automobile but it must also appear that the incompetency alleged was the proximate cause of the commission of the negligent act which caused the injury." (*Bensman*, 299 Ill. App. 531, 534, 20 N.E.2d 910, 911.)

As is obvious from the foregoing, the first element concerns itself with conduct only; the second element concerns itself not only with conduct but with an instrumentality, in most cases a motor vehicle. If there exists a specific exclusion in the policy as to the instrumentality, there can be no coverage. In most cases that instrumentality is a motor vehicle but there can be others, *e.g.*, watercraft in *Hanover*.

We concur with the statement of the Alabama court in *Cooter*:

> "The plain wording of the exclusionary provision reveals the deficiency in this rationale. [The rationale of those courts which have held there was coverage.] While liability (apart from coverage) for negligent entrustment is not conditioned upon the entrustor's ownership or use of the vehicle, negligent use by the one to whom it is entrusted is essential to recovery. It is the concurrence of these dual elements—negligent entrustment by the owner or custodian of the instrumentality plus its negligent use by the entrustee—that is missing in the rationale of those cases upholding coverage. Taken literally, this line of reasoning—that negligent entrustment of the vehicle, and not its use, is the basis of insured's alleged liability—the injured party could recover absent any showing that the incompetent to whom the vehicle is entrusted caused the injury by his negligent use of the vehicle. As we have already observed, this does not comport with the elements that make up this tort concept of negligent entrustment. ⁕ ⁕ ⁕
>
> Those cases holding to the contrary have apparently confused the concept of joint tort feasor, which permits recovery against each of several defendants, and the contract restriction which

voids coverage for such combined misconduct involving the use of the insured's vehicle." 344 So. 2d 496, 499.

The *Upland* court relied on the broad promise of coverage contained in the homeowner's policy, and we have no quarrel with the proposition that such coverage is broad. Defendants argue that had the instrumentality been a lawn mower, there would have been coverage. That may be, but the policy, however broad otherwise, specifically excludes motor vehicles. It is the duty of this court to assign their plain meaning to exclusionary provision of the policy. (*La Salle National Bank v. American Insurance Company* (1973), 14 Ill. App. 3d 1027, 303 N.E.2d 770.) The fact that some instrumentalities may be covered and others excluded does not lead to the conclusion that negligent entrustment *per se* is covered.

The decision of the circuit court of McLean County was correct, and it is affirmed.

Affirmed.

MILLS, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

I am unable to agree with the majority opinion. Clearly, as the majority recites, there are two lines of authority. The majority has chosen the least persuasive line of cases to follow. The cases cited by the defendant—*Shelby Mutual Insurance Co. v. United States Fire Insurance Co.* (1968), 12 Mich. App. 145, 162 N.W.2d 676, *Government Employees Insurance Co. v. Chahalis* (Sup. Ct. 1972), 72 Misc. 2d 207, 338 N.Y.S.2d 348, *Republic Vanguard Insurance Co. v. Buehl* (1973), 295 Minn. 327, 204 N.W.2d 426, *McDonald v. Home Insurance Co.* (N.J. App. 1967), 97 N.J. Super. 501, 235 A.2d 480, and *Upland Mutual Insurance, Inc. v. Noel* (1974), 214 Kan. 145, 519 P.2d 737—are better reasoned and simply hold that the issuing insurance company was obligated to defend and that there was coverage under the homeowners policy because there was a failure to make an express exception, exemption, or limitation for the liability at issue here.

"Homeowners insurance," as the court reasoned in *Upland*, is insurance upon which the insured is entitled to rely as a broad promise of coverage except to the extent of certain delineated exclusions. As is argued, one could not obtain liability coverage separately for a 14-year-old driver. Here there is a tort of negligent entrustment, and such coverage is promised by the policy here and is not excluded by the language of that policy. The exclusion as quoted applies to liability arising

112

out of the use or operation of a motor vehicle—clearly an exclusion relating to insurance otherwise purchasable. Negligently entrusting a dangerous instrumentality to a 14-year-old is a separate and distinct tort and the injuries resulting from such entrustment do not arise out of the use or operation of the vehicle, but rather arise out of negligent entrustment.