ATLANTIC MUTUAL FIRE INSURANCE COMPANY OF SAVANNAH, a corporation, Plaintiff-Appellee,

v.

Corine COOK et al., Defendants,

Minnuweller Cook, Defendant-Appellant.

No. 79–3973

Summary Calender.*

United States Court of Appeals,
Fifth Circuit.

June 20, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Lorant, Harris & Yearout, George Tommy Yearout, Birmingham, Ala., for defendant-appellant.

Balch, Bingham, Baker, Hawthorne, Williams & Ward, C. William Gladden, Jr., Birmingham, Ala., for plaintiff-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

TATE, Circuit Judge:

The issue involves the application of an exclusion clause to liability coverage afforded by an insurance policy. We affirm the district court's determination that the clause excludes coverage.

Alleging diversity jurisdiction, a homeowner's insurer ("Atlantic") sues for declaratory judgment that its coverage and duty to defend under its policy did not extend to a claim for personal injury asserted by a suit filed in state court against its insured ("Corine"). In the state suit, damages were sought for a child's death by her mother ("Minnuweller"); made defendant was Atlantic's insured, Corine (who was Minnuweller's mother and the child's grandmother). The suit alleged that Corine had negligently entrusted the child to a dangerous and unsafe drunken person, as a result of which the child was killed. The pleadings and admissions in the federal suit show that the child was killed in a collision of an automobile driven by the allegedly drunken person.

The plaintiff insurer relies upon a clause excluding it from liability for "bodily injury or property damage arising out of the . . . operation, use . . . of . . . any motor vehicle" owned by its insured (as was the automobile involved).

(1)

The state suit alleged only that the child was killed as a result of the grandmother Corine's negligent entrustment of the child to a drunken person. Preliminarily, the defendants (the state-court plaintiff Minnuweller and defendant Corine) argue that, therefore, the insurer was obligated to defend the suit on the face of the pleadings, even though indisputably the child's death was caused by injuries resulting from an automobile accident (and conceding for the moment that this circumstance might exclude actual liability of the insurer for damages thereby sustained).

In Alabama, the duty of an insurer to defend a suit brought against its insured is ordinarily measured by the allegations in the complaint, regardless of the ultimate liability of the policyholder or of the insurer. *Ladner & Company, Inc. v. Southern Guaranty Ins. Co.*, 347 So.2d 100 (Ala.1977). However, at least in an action by the *policyholder* for declaratory relief, the court may look at other facts that did exist but were outside the bare allegations of the complaint, in order to determine whether the insurer has a duty to defend the pending tort suit. *Ladner & Company Inc. v. Southern Guaranty Ins. Co., supra; Pacific Indemnity Company v. Run-A-Ford*

*Co.*, 276 Ala. 311, 161 So.2d 789 (1964). Similarly, in a declaratory action to determine an insurer's duty to defend, the court may take evidence for the purpose of deciding the insurer's duty in this regard, where the facts alleged in the tort petition are sufficient to establish tort liability on the part of the insured but are silent as to the facts or characterizations thereof relied upon for a policy exclusion. *Hartford Fire Insurance Company v. Blakeney*, 340 So.2d 754 (Ala.1976). *See also Smith v. North River Ins. Co.*, 360 So.2d 313 (Ala.1978) (noting this principle to apply at least where the declaratory action will not supersede the determination of an issue already pending in the tort suit).

Under these principles, in this declaratory action the insurer is not barred by the silence of the state-court complaint from establishing, by proof of the complaint-omitted but uncontroverted facts, that it had no duty to defend the tort suit because the accident sued upon was excluded from the coverage of its policy. Here, in fact, the uncontroverted facts admissible in the declaratory action supply a factual omission in the state-court complaint of an allegation required for a more definite statement of the tort cause of action—for recovery in the tort suit, it is necessary not only to prove (as alleged) that Corine negligently entrusted the child to a drunken incompetent but *also* (as to which the tort-complaint is silent) that the child was injured through misconduct of the incompetent (here, the negligent driving of the automobile). *Standifer v. Pate*, 291 La. 434, 282 So.2d 261 (1973); *cf. Cooter v. State Fire & Cas. Co.*, 344 So.2d 496, 498–99 (Ala.1977).[1]

■ We therefore conclude that the insurer's duty to defend the tort suit is not established simply because of the tort-complaint's silence in failing to allege the uncontroverted facts that (see (2) below) ex-clude the insurer's coverage of the accident upon which the suit is based. The insurer is not barred by this silence from establishing, by proof (in this declaratory action) of the facts omitted from the tort-complaint, that it has no duty to defend the pending tort suit because under the policy its liability for bodily injuries resulting from the accident is expressly excluded. Indeed, a frequent and useful occasion for a declaratory judgment action is to determine "whether an accident is covered by a policy and whether the insurer is thus obligated to defend a tort action against its insured. The issues of coverage commonly cannot be litigated in the tort action . . . ." 3 Wright & Miller, Federal Practice and Procedure, § 2760 at p. 797 (1973).

(2)

The principal thrust of the argument by the appellants, the policyholder Corine and her daughter Minnuweller who sued her in state court, is that their state cause of action is founded upon negligent supervision by Corine, the grandmother. Under this cause of action, recovery is afforded for injury resulting from a failure to exercise reasonable care to prevent injury to a child entrusted to one's supervision. *Standifer v. Pate*, 291 Ala. 434, 282 So.2d 261 (1973). The appellants argue that the breach of that duty by the custodian imports liability when injury results, regardless of the means (here, an automobile) of the injury—and thus, in the present case, likewise imports a duty of the insurer Atlantic to defend the state-court defendant, Corine, its insured.

This argument overlooks that what is here at issue is not the liability of the insured, but rather instead whether a policy clause applies that excludes the insurer Atlantic from liability for bodily injuries arising out of the use of a motor vehicle.

1. *Cooter* held the present exclusion clause applicable to a suit against an insured based upon his negligent entrustment of an automobile to an incompetent driver. In so holding, the Alabama Supreme Court critically noted, in rejecting an argument similar to that made here: "Taken literally, [under] this line of reason-ing—that negligent entrustment of the vehicle, and not its use, is the basis of the insured's alleged liability—the injured party could recover absent any showing that the incompetent to whom the vehicle is entrusted caused the injury by his negligent use of the vehicle." 344 So.2d at 499.

Almost identical arguments were rejected by the Alabama Supreme Court in *Cooter v. State Farm and Casualty Insurance Company*, 344 So.2d 496 (Ala.1977). There, an insurer was sued under its homeowners policy, which contained personal injury liability and exclusion clauses identical to the present. There, the tort-suit plaintiff alleged a cause of action based upon the defendant's (the insured's) negligent entrustment of a motor vehicle to an incompetent—a cause of action that, like the negligent supervision action here pleaded, includes both negligence in permitting an incompetent to have custody of the vehicle (or, here, the child) and injury resulting to the child through the fault of the incompetent. 344 So.2d at 398. The Alabama Supreme Court pointed out that the basis for liability was the concurrence *both* of negligent entrustment *and* of negligence of the entrustee causing injury. 344 So.2d at 499. The court concluded that, when the negligence of the entrustee is in the use of a motor vehicle, the insurer under the homeowner's policy is not liable for bodily injuries thereby resulting: "The clear and unambiguous language here applicable is susceptible of but one meaning; that this homeowner's policy excludes personal liability coverage for bodily injury arising out of the ownership and use of an automobile owned or operated by the insured." 344 So.2d at 499. Accordingly, the court affirmed a declaratory judgment that the policy did not require the insurer to defend or to pay any judgment in the tort suit.

The reasoning and rationale of *Cooter* impel us to the belief that the Alabama court would hold the exclusion clause applicable to the present generically identical claim for personal injuries arising out of the use of the insured's automobile.

Nor are we persuaded by the appellant's argument that *Walker v. Garris*, 368 So.2d 277 (Ala.1979), marks a departure from *Cooter* by the Alabama court. *Walker v. Garris* held that the Alabama guest statute (which lessens the liability of a motorist for negligence causing injury to his guest passengers) did not apply so as to bar the liability of a motorist for negligent supervision of children entrusted to his care for a hay-ride, in the course of which a child was injured. "The duty is to supervise the children properly, and an individual should not be allowed to escape liability simply because the child is injured by a motor vehicle rather than a hot pan of grease," 368 So.2d at 280. The issue whether the "strictly construed" guest passenger law, 368 So.2d at 279, lessened liability for negligent supervision is entirely different from that before us and, in the words of the district court, "does not concern the application of a clear policy provision of exclusion."

*Conclusion*

■ Under *Cooter*, therefore, the clear and unambiguous motor-vehicle-use clause excludes Atlantic's policy coverage of, and thus its duty to defend, the present claim for bodily injuries arising out of the use of the insured's motor vehicle. The district court's opinion so holding is AFFIRMED.