**Richard SMITH, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 81–2705.**

United States Court of Appeals, Seventh Circuit.

Argued May 14, 1982.

Decided Sept. 9, 1982.

Fred Lambruschi, Chicago, Ill., for plaintiff-appellant.

Michael S. O'Connell, Asst. U. S. Atty., Dan K. Webb, U. S. Atty., Chicago, Ill., for defendant-appellee.

Before BAUER, Circuit Judge, DAVIS,* Associate Judge, and COFFEY, Circuit Judge.

---

* The Honorable Oscar H. Davis, Associate Judge of the United States Court of Claims, is sitting by designation.

COFFEY, Circuit Judge.

This is an appeal and a cross-appeal from orders of the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable George N. Leighton presiding. The order appealed from granted the defendant-appellee United States's motion for summary judgment and the defendant-appellee cross-appeals from an order denying its motion to dismiss based on the expiration of the statute of limitations. The plaintiff-appellant Smith brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, to recover for injuries sustained while the plaintiff was a passenger in a potential Navy recruit's car on their way to take a high school equivalency exam, before either the plaintiff or the driver formally entered the United States Navy. The district court granted the government's summary judgment motion, holding that the defendant United States was not liable for the plaintiff's injuries as the defendant had no duty to exercise control over or supervise a potential recruit who volunteered to drive his own car to the exam. For the reasons stated below, the order of the district court granting the defendant's motion for summary judgment is AFFIRMED.[1]

Richard Smith, the plaintiff-appellant in this action, was injured in an automobile accident while enrolled in the United States Navy's "Cache" delayed-entry program. As a member of the Cache program, Smith was not a member of the Navy or an employee of the United States; Cache members perform no official duties, receive no pay or benefits and are not under the authority of the Navy. Instead, a Cache member is only expected to report for active duty on a specified date; a Cache member, though, is not guaranteed entry into the U. S. Navy as acceptance in the Navy is conditioned upon the potential recruit's continued good behavior and good health.

---

1. Because of our resolution of the summary judgment issue, we do not reach the statute of limitations question presented by the defendant's cross-appeal.

Quentin Wise, a Navy Reserve Recruiter, attempted to arrange for five Cache members,[2] including the plaintiff-appellant Smith, to travel to Pontiac, Illinois to take a high school equivalency General Education Development Test.[3] On September 29, 1975, Wise and the five potential recruits met at the La Grange, Illinois recruiting office to begin their trip to Pontiac, Illinois. Since there were seven people in the group, two cars were needed for the trip, and Paul Tory, a Cache member, volunteered to drive his own car to Pontiac. The plaintiff-appellant Smith and another member of the group decided to ride with Tory, while the other potential recruits went in a Navy car driven by the Navy recruiter Wise. On the way to Pontiac, the Tory vehicle was involved in an accident, killing Tory and seriously injuring the plaintiff-appellant Smith. The automobile driven by Wise was not involved in the accident.

On November 10, 1976, Smith filed a complaint against the United States under the Federal Tort Claims Act.[4] The complaint alleged that the plaintiff's injuries sustained in the September 29, 1975 automobile accident were caused by the United States's failure "to supply a reasonably safe means of transportation ... to Pontiac, Illinois." The plaintiff also brought a separate action in the Illinois state courts against Tory's estate for injuries suffered in the accident. On March 24, 1978, the federal district court granted the plaintiff Smith's motion for dismissal without prejudice since there was a pending state court action arising from the same automobile accident. The federal district court's order granted the plaintiff Smith leave to reinstate the action within six months of the disposition of the state court case.[5]

The state court suit was settled two years later and on May 9, 1980, the federal district court granted the plaintiff Smith's motion to reinstate the Federal Tort Claims action against the United States. On November 21, 1980, the defendant United States moved to dismiss on the ground that the two-year Federal Tort Claims statute of limitations[6] barred the court from reinstating the case and the court thus lacked jurisdiction. The district court denied the government's motion.

On May 1, 1981, the United States moved to dismiss and alternatively moved for summary judgment, arguing that the plaintiff Smith failed to state a claim against the defendant United States as no employee of the government had been negligent. The district court granted the defendant United States's motion for summary judgment on August 21, 1981 holding that:

"Wise had no duty to be aware of Tory's driving record, in that Tory volunteered to drive his own car, and was competent

2. Richard Stellmack, an airman recruit on leave, also arranged to go to Pontiac with the group.

3. Cache members were not required to take the GED Test, although a passing score on the test would have benefited both the potential recruit and the U. S. Navy; the potential recruit would have become eligible for future bonuses and specialized programs and the Navy would have been able to fill undermanned job categories.

4. 28 U.S.C. §§ 1346(b), 2671 et seq.

5. The district court's order recited:
"This cause coming on to be heard for report on status and the Court being advised that there is pending in the Circuit Court of Cook County, Illinois, a case rising out of the same occurrence and involving the same elements of damages (RICHARD SMITH, et al. plaintiffs v. TORY and SHAW, defendants, No. 76 L 5291), said case being still pending and unde-

termined and this Court being fully advised in the premises and having jurisdiction of the parties and subject matter;
IT IS ORDERED that this cause be and is hereby dismissed without prejudice and with leave to reinstate within six months of determination of case No. 76 L 5291 in the Circuit Court of Cook County, Illinois and this Court specifically retains jurisdiction for that purpose."

6. 28 U.S.C. § 2401(b) provides:
"(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

and of age. Nor did Wise have any right or duty to control the physical act of Tory driving his own car. Accordingly, the government is entitled to summary judgment in its favor with respect to the alleged acts of negligence of its employee, Quentin Wise."

On appeal, the plaintiff Smith seeks review of the district court's order granting summary judgment and, as a cross-appeal, the defendant United States challenges the district court's denial of its motion for dismissal based on the expiration of the statute of limitations.

### Issues

Issue 1: Did the Navy recruiter Wise breach a duty owed the plaintiff Smith thereby imposing liability for Smith's injuries on the United States?

Issue 2: Did the district court have jurisdiction to reinstate this case on May 9, 1980, almost five years after the plaintiff's accident and more than two years after this suit had been dismissed without prejudice?

### 1. *Wise's Duty to the Plaintiff.*

■ The plaintiff Smith's cause of action against the United States is based solely on the alleged negligence of the Navy recruiter Quentin Wise, as the driver and owner of the car involved in the accident, Tory, was not an employee or agent of the United States. Since we find, as a matter of Illinois law,[7] that the plaintiff Smith has not stated a cause of action against the defendant United States as Wise did not breach a duty owed to the plaintiff Smith, we affirm the district court's order granting summary judgment.

In *Fancil v. Q. S. E. Foods, Inc.*, 60 Ill.2d 555, 328 N.E.2d 538, 540 (1975), the Illinois Supreme Court said:

"It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff. The question of duty, the legal obligation imposed upon one for the benefit of another, is a question of law to be determined by the court because liability for common law negligence is not absolute but rather it is based on fault." (citations omitted)

Therefore, to state a cause of action against the United States, the plaintiff Smith must show that the Navy recruiter Wise, and through him the United States, breached a duty owed to the plaintiff. The plaintiff points to no Illinois case which would impose such a duty in these circumstances and our review of the record and of Illinois law shows that no such duty existed.

The plaintiff Smith argues that Wise had a duty to provide the plaintiff with transportation because Wise allegedly had said he would arrange for the potential recruit's transportation to Pontiac, Illinois. The plaintiff Smith contends that Wise, and through him the United States, are thus liable for any injuries the plaintiff suffered on the way to Pontiac. We find this argument without merit.

Tory voluntarily drove the plaintiff Smith in his [Tory's] own car. Wise, the Navy recruiter, was in a separate car which was not in any way involved in the automobile accident. The potential recruits were not even required to take the high school equivalency test and were traveling to Pontiac, Illinois, for their own benefit as a passing score on the test would have made them eligible for bonuses and specialized programs once they had enlisted and entered the Navy. The Navy recruiter Wise in no way required Tory to provide Smith with transportation to Pontiac nor did he direct Smith to travel with Tory; Wise could not have compelled Tory to drive since Tory, only a potential Navy recruit, was not under Wise's supervision, authority or control. Once the trip began, Wise had

---

7. Liability under the Federal Tort Claims Act is controlled by the law of the place where the "act or omission occurred." 28 U.S.C. §§ 2672, 2674, *Richards v. United States*, 369 U.S. 1, 10, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). Thus, the question of whether Wise, the Navy recruiter, owed a duty to the appellant will be determined under Illinois law as the accident occurred in Illinois.

neither the authority nor power to control Tory's actions as Tory was in his own car and Wise was in a different car. Tory, a licensed driver, volunteered to drive his own car and having done so, assumed the sole responsibility for his actions while driving.

We hold that under these circumstances Wise did not have a duty to ensure the plaintiff Smith's safety on the trip merely because Wise had earlier said he would arrange for the plaintiff's transportation to Pontiac, Illinois.

■ The plaintiff's argument based on a negligent entrustment theory is equally without merit. Under Illinois law, the elements of a cause of action for negligent entrustment are: (1) entrustment of an automobile *by its owner* to a known incompetent; and (2) a showing that the entrustee's incompetence was the proximate cause of the injury.[8] Obviously, neither Wise nor the United States is liable under a negligent entrustment theory as the car in which the plaintiff Smith was riding was owned and operated by Tory, a licensed driver, not the U. S. government.

#### Conclusion.

We find that there was no relationship between the U. S. Navy recruiter Wise and the plaintiff-appellant Smith, a potential Navy recruit, which imposed a legal duty on Wise to provide Smith with transportation to Pontiac, Illinois. Thus, neither Wise nor the United States had any legal duty to ensure the plaintiff-appellant Smith's safety on the trip. Instead, Tory, the owner and driver of the car, was solely responsible for his negligence which caused the accident.

We hold that the district court properly granted summary judgment as the defendant United States was entitled to a judgment as a matter of law. Since we affirm the district court's order granting summary judgment to the United States, we thus need not consider the second issue of whether the district court lacked jurisdiction to reinstate the case after the statute of limitations had run.

---

**8.** *See State Farm Fire and Casualty Co. v. McGlawn,* 84 Ill.App.3d 107, 39 Ill.Dec. 531, 404 N.E.2d 1122 (1980).