This case involves the construction of a policy of homeowner's insurance in the context of a negligent supervision claim.[1]
On or about January 6, 1987, Christopher Robertson, a minor, was killed while, as a guest at the home of Thomas and Jo Ann Jones, he was operating a go-cart owned by the Joneses on the street on which they live. The child's father brought suit against several parties; the claims against the Joneses all alleged either negligent entrustment of the go-cart or negligent supervision of the child while he was operating the go-cart. The Joneses filed a third-party complaint against Alfa Mutual Insurance Company ("Alfa"), seeking a declaration that under the Joneses' homeowner's insurance policy Alfa was obligated to defend and obligated to provide coverage for the Joneses for the occurrence made the basis of the lawsuit. The trial judge entered judgment for Alfa, and the plaintiff moved the court to vacate that judgment, then amended his complaint, charging the Joneses with negligently failing to supervise his son, but deleting any reference to the go-cart or to the manner in which the decedent died. The trial court then vacated the judgment, and held that Alfa must defend and provide coverage for the Joneses. That judgment was made final pursuant to Rule 54(b), A.R.Civ.P., and Alfa appealed.
The exclusion clause upon which Alfa relies provides:
"Coverage E . . . [does] not apply to:
". . . . *Page 78 
 "e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
". . . .
 "(2) a motor vehicle owned or operated by or rented or loaned to an insured;
. . . ."
We considered a nearly identical clause in Cooter v. StateFarm Fire Cas. Co., 344 So.2d 496 (Ala. 1977). In Cooter, the plaintiff pressed a claim on behalf of her incompetent son against the owner of the vehicle that her son was driving. Her theory of recovery was negligent entrustment. State Farm sought a declaration that the vehicle owner's policy of homeowner's insurance did not apply. We found in State Farm's favor. Our holding was premised upon the fact that the nexus between State Farm, the entruster, and the plaintiff was the occurrence in amotor vehicle of the accident made the basis of the lawsuit.
Looking back at the pertinent exclusion clause in this case, we find that no coverage is provided for "bodily injury . . . arising out of the ownership . . . of . . . a motor vehicle owned . . . by . . . an insured." That clause is unambiguous, just as it was unambiguous in Cooter. And, as the facts of this case demonstrate, the plaintiff's negligent supervision theory seeks recovery for a death arising out of the ownership of a motor vehicle owned by the insureds. That ownership of a motor vehicle is the very nexus between Alfa, the Joneses, and the plaintiff. We hold that the exclusion clause is effective, and that Alfa is neither obligated to provide coverage for, nor to defend, the Joneses. See also Bankert v. Threshermen's MutualIns. Co., 110 Wis.2d 469, 329 N.W.2d 150 (1983), wherein the court, interpreting a nearly identical exclusion clause under factually similar circumstances, and relying in part on Cooter, stated:
 "We also agree with the court of appeals' analysis in respect to 'negligent supervision' or, alternatively stated, 'failure to control.' This conduct by Richard's parents relates directly to the manner of operation of the vehicle, i.e., its negligent use. There appears to be no reasonable doubt that the two areas or theories of liability on which the plaintiffs rely are intimately connected with the very types of coverages which are expressly excluded."
Id. at 480-81, 329 N.W.2d at 155.
Finally, the Joneses argue that their complaint, as amended, makes no reference to the fact that the accident occurred in connection with the operation of a motor vehicle and that we are forbidden to look beyond the complaint to determine Alfa's obligation.
 "This court, however, has rejected the argument that the insurer's obligation to defend must be determined solely from the facts alleged in the complaint in the action against the insured. In Pacific Indemnity Company v. Run-A-Ford Company, 276 Ala. 311, 161 So.2d 789 (1964), Justice Coleman, speaking for the court, held:
 " '. . . We are of opinion that in deciding whether a complaint alleges such injury, the court is not limited to the bare allegations of the complaint in the action against insured but may also look to facts which may be proved by admissible evidence. . . .' (276 Ala. at 318, 161 So.2d at 795)."
Ladner Co. v. Southern Guar. Ins. Co., 347 So.2d 100, 103
(Ala. 1977); see also Tapscott v. Allstate Ins. Co.,526 So.2d 570, 573 (Ala. 1988) (court may look to complaint and "admissible evidence"); Fowler Pest Control Insulation, Inc.v. Hartford Ins. Co. of Alabama, 512 So.2d 88, 90 (Ala. 1987) (court may look to complaint and record); Burnham Shoes, Inc.v. West American Ins. Co., 504 So.2d 238, 239 (Ala. 1987) (court may look to complaint and record); United StatesFidelity Guar. Co. v. Armstrong, 479 So.2d 1164, 1167 (Ala. 1985) (where "complaint suggests that the injury alleged may not be within the coverage of the policy, then other facts outside the complaint may be taken into consideration"); andAlabama Farm Bureau Mut. Cas. Ins. Co. v. Moore,349 So.2d 1113, 1114-15 (Ala. 1977) (court looked to complaint and entire record). In the case at bar, the trial court had before it *Page 79 
a stipulation of facts to consider with regard to the amended complaint. Those facts disclose that the plaintiff's decedent died while operating a motor vehicle owned by the Joneses.
Accordingly, the judgment of the trial court is reversed, and we render judgment in favor of Alfa.
REVERSED AND JUDGMENT RENDERED.
ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] We have previously recognized this tort as a viable cause of action. See, e.g., Standifer v. Pate, 291 Ala. 434,282 So.2d 261 (1973), and Walker v. Garris, 368 So.2d 277 (Ala. 1979).