**ALLSTATE INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**John ELLISON, Sr., John Ellison, Jr., and Vince J. Kaplan,**
Defendants/Appellants.

No. 84–4250.

United States Court of Appeals, Ninth Circuit.

Submitted April 3, 1985.[*]

Decided April 9, 1985.

---

[*] This panel is unanimously of the opinion that oral argument was not required. Fed.R.App.P. 34(a).

James Powell, Anchorage, Alaska, for plaintiff-appellee.

Reginald J. Christie, Jr., Anchorage, Alaska, for defendants-appellants.

Before WRIGHT, KENNEDY, and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal raises one issue: does an aircraft exclusionary provision in a homeowners insurance contract preclude recovery under a negligent entrustment theory for injuries sustained in an airplane crash?

FACTS:

Vince J. Kaplan was injured in an airplane crash in a plane piloted and owned by John Ellison, Jr. Kaplan filed a personal injury action against Ellison, Jr., alleging that he had negligently interfered with the aircraft's controls, causing the crash and resulting injuries. Kaplan added Ellison, Sr. under a negligent entrustment theory because Ellison, Sr. had sold the plane to his son.

At the time of the accident, Ellison, Sr. carried a homeowner's policy with Allstate. The coverage provision specified that the insurance company would pay any legal obligations of the insured for bodily injury or property damage "covered by this part of the policy." The exclusionary provision in question provides:

> We do not cover bodily injury or property damage arising out of the ownership,

maintenance, use, loading or unloading of aircraft.

Ellison, Sr. tendered the defense of Kaplan's state court action to Allstate which accepted, subject to a declaratory test of its duty to defend and provide coverage. It sought a declaratory judgment, followed by a motion for summary judgment.

The district court granted Allstate's motion for summary judgment, ruling that it was not obligated to defend or pay any judgment in the state court action by Kaplan against the Ellisons. The court held further that Kaplan had no rights against Allstate for damages arising from the accident.

*Standard of Review*

"In reviewing a summary judgment, this court views the evidence in the light most favorable to the nonmoving party, and determines whether the trial court correctly found that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law." *Veit v. Heckler,* 746 F.2d 508, 510 (9th Cir.1984).

*Summary Judgment*

■ Forum state law controls the substantive issues. *See St. Paul Fire & Marine Ins. Co. v. Weiner,* 606 F.2d 864, 867 (9th Cir.1979).

■ Alaska law provides that insurance coverage provisions should be broadly construed while exclusions are interpreted narrowly against the insured. *Starry v. Horace Mann Ins. Co.,* 649 P.2d 937, 939 (Alaska 1982); *Hahn v. Alaska Title Guaranty Co.,* 557 P.2d 143, 144–45 (Alaska 1976). While this may be a separate rule, the Alaska courts apply the same analysis in all insurance contract construction cases. *See, e.g., Starry,* 649 P.2d at 939. The test for coverage is the reasonable expectation of a lay person. *See id.; O'Neill Investigations, Inc. v. Illinois Employers Ins. of Wausau,* 636 P.2d 1170, 1175, 1177 (Alaska 1981).

Ellison argues that he reasonably expected coverage because the insurance contract is ambiguous. He points to differing interpretations of similar provisions in other jurisdictions as indicative of ambiguity. *See Manning v. Summit Home Ins. Co.,* 128 Ariz. 79, 623 P.2d 1235, 1237 (Ariz.App. 1980).

■ Under Alaska law, ambiguity exists when the contract as a whole and the extrinsic evidence support differing reasonable interpretations. *Stordahl v. Government Employees Ins. Co.,* 564 P.2d 63, 66–67 & n. 13 (Alaska 1977) (court did not rely on conflicting case law to establish ambiguity); *O'Neill Investigations,* 636 P.2d at 1174, 1177. The court will look at the contract terms to determine what is objectively reasonable. *O'Neill,* at 1176– 77. The terms should be interpreted in an ordinary and popular sense as would a man of average intelligence and experience. *Jarvis v. Aetna Cas. & Sur. Co.,* 633 P.2d 1359, 1363 (Alaska 1981).

■ The court will not artificially create ambiguity where none exists. *Id.* (applying California law). If a reasonable interpretation favors the insurer and any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy. *Id.* Ambiguities must be construed in favor of the insured only if the contract is ambiguous. *Stewart-Smith Haidinger, Inc. v. AVI,* 682 P.2d 1108, 1115 (Alaska 1984); *United States Fire Ins. Co. v. Colver,* 600 P.2d 1, 3 (Alaska 1979). This exclusionary language is clear.

■ Coverage will also be found if the insured can demonstrate through extrinsic evidence that its expectation of coverage was based on specific facts which make its expectations reasonable. *O'Neill Investigations,* 636 P.2d at 1177. Ellison does not point to any facts making his expectation of coverage reasonable in light of the exclusionary provision.

Ellison argues that summary judgment is improper because a material fact exists as to the parties' intent.

■ Intent is an issue in contract construction if the contract is ambiguous.

*See Bankers Life Ins. Co. of Nebraska v. Eaton,* 430 A.2d 833, 834 (Me.1981); *General Accident Fire & Life Assur. Corp. v. Akzona, Inc.,* 622 F.2d 90, 93 (4th Cir.1980) (contract not subject to summary judgment when more than one permissible inference on intent can be gleaned from the contract and the circumstances). This contract was properly subject to summary judgment disposition. It was unambiguous. *See O'Neill Investigations,* 636 P.2d at 1173; *Castaneda v. Dura-Vent Corp.,* 648 F.2d 612, 619 (9th Cir.1981). The mere fact that the parties have two different interpretations of the contract does not make it ambiguous. *Jarvis,* 633 P.2d at 1363.

*The Exclusionary Clause*

The Alaska Supreme Court has not ruled on the issue whether this or a similar exclusionary provision precludes recovery for a claim based on negligent entrustment. That court, in *New York Life Ins. Co. v. Rogers,* 641 P.2d 218 (Alaska 1982), construed a life insurance policy that excluded deaths "result[ing] from ... (c) travel or flight in ... [an] air craft [sic] ... while the Insured ... [was] a pilot." *Id.* at 220. The exclusion was interpreted to cover death from drowning or hypothermia resulting from a water landing of a small plane. The court relied on an analysis of the risks associated with air travel.

Jurisdictions disagree over the interpretation of similar motor vehicle exclusions. *Compare Douglass v. Hartford Ins. Co.,* 602 F.2d 934 (10th Cir.1979) (applying Colorado law) *with Shelter Mutual Ins. Co. v. Politte,* 663 S.W.2d 777 (Mo.App.1983). The trend appears to be in the direction of precluding coverage. *State Farm Fire & Cas. Co. v. McGlawn,* 84 Ill.App.3d 107, 39 Ill.Dec. 531, 533, 404 N.E.2d 1122, 1124 (1980).

█ We are convinced that the Alaska Supreme Court would deny recovery under this exclusionary clause. Negligent entrustment requires both negligent use by the entrustee and negligence by the entrustor. Recovery must depend on the ownership or the use of the excluded vehicle. *Cooter v. State Farm Fire & Cas. Co.,* 344 So.2d 496, 499 (Ala.1977); *Barnstable County Mutual Fire Ins. Co. v. Lally,* 374 Mass. 602, 373 N.E.2d 966, 969 (1978); *Bankert v. Threshermen's Mutual Ins. Co.,* 110 Wis.2d 469, 329 N.W.2d 150, 153 (1983).

█ To allow recovery under the negligent entrustment theory ignores the clear language of the exclusionary clause. *Aetna Casualty & Sur. Co. v. American Manufacturers Mutual Ins. Co.,* 261 Ark. 326, 547 S.W.2d 757, 758 (Ark.1977).

CONCLUSION:

Because of Alaska's emphasis on the reasonable expectations of a lay party, and because the exclusionary clause is so clear, we affirm the district court's summary judgment.