948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent T. ROOT, Plaintiff-Appellant,
v.
LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 90-35862.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 22, 1991.
Decided Dec. 2, 1991.
As Amended on Denial of Rehearing
April 14, 1992.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vincent Root appeals from a grant of summary judgment allowing his insurers to deduct Social Security disability payments from his insurance policy benefits. The district court held that because no reasonable person could believe that the reissuance of the policy created a new "effective date of insurance" under the policy, a provision disallowing deductions if the illness in question arose prior to the most recent effective date of insurance did not apply to Root. We reverse and remand.
 
 
 3
 Beginning in 1980, Root was insured under a long-term disability policy provided by his employer through Lincoln National Insurance Co. (Lincoln National). In May, 1984, Lincoln National introduced a completely new policy form to be substituted for the previous version of the policy. The new form was titled "Group Insurance Amendment" and carried the same policy number as the previous form. However, the new form listed its date of issue as May, 1984, and stated "THIS POLICY SUPERCEDES ANY POLICY PREVIOUSLY ISSUED."
 
 
 4
 The 1984 policy form provided that long term disability benefits under the policy would be reduced by "Other Income Benefits," including Social Security disability benefits, but that "Other Income Benefits" would not include any benefits paid due to an illness that began "prior to the individual's most recent effective date of insurance under this policy."[1] On September 12, 1984, a doctor diagnosed Root with multiple sclerosis, and found that the onset of the disease had occurred in March, 1894. Root subsequently applied for both Social Security disability benefits and disability benefits from Lincoln National. Lincoln National deducted from the benefits paid to Root an amount equal to the Social Security payments made to Root and his dependent daughter. Root argues that the deductions were improper because a reasonable person would interpret the phrase "most recent effective date of insurance under this policy" to refer to May, 1984, the date that the revised policy form was issued.
 
 
 5
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 877 F.2d 1416, 1421 (9th Cir.1989). The interpretation of a new ERISA insurance policy such as this one "is governed by a uniform federal common law" rather than by state law principles of insurance contract interpretation. Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1439 (9th Cir. 1990). As we have previously held, however, regardless of the source of the governing law, when the policy at issue is an employer-purchaser and employer-funded policy drafted solely by the insurer, the rule of contra proferentum applies. Kunin v. Benefit Trust Life Ins. Co., 910 F.2d 534, 540 (9th Cir.1990); see also Eley v. Boeing Co., 945 F.2d 276, 279-280 (9th Cir.1991) (holding that the rule of contra proferentum adopted in Kunin does not apply to insurance contracts "that result from arms-length bargaining by parties of equal power, as in the case of collective bargaining agreements"). Accordingly, we must construe ambiguous policy language in the ERISA insurance policy issued by Lincoln National in favor of the insured, Root.[2]
 
 
 6
 While "[w]e will 'not artificially create ambiguity where none exists,' " Evans, 916 F.2d at 1441 (quoting Allstate Ins. Co. v. Ellison, 757 F.2d 1042, 1044 (9th Cir.1985)), we must interpret the terms of an ERISA insurance policy according to the reasonable expectations of the insured layperson, not as they would be read by an expert in the intricacies of ERISA and Social Security benefit integration. In light of the language used on the cover pages of the revised policy form, the meaning of the phrase "most effective recent date of insurance under this policy" is ambiguous. Root's reading of the phrase is that "this policy" refers to the 1984 policy form rather than to the form in effect on Root's original date of employment. This interpretation is a reasonable one.
 
 
 7
 Lincoln National argues that the language "most recent effective date" was intended to apply in the case of contributory employees, who may terminate and later resume their coverage by halting and then re-authorizing payroll deductions. Although such a reading may be plausible, it is by no means obvious to the lay reader, and it is certainly no more plausible from the standpoint of such a reader than the reading suggested by Root. When an insurance company advises those covered by its policy that "THIS POLICY SUPERCEDES ANY POLICY PREVIOUSLY ISSUED," it is not unreasonable for a covered person to conclude that the "most recent effective date" of insurance is the date set forth in the superseding policy.
 
 
 8
 The 30 day waiting period for eligibility for insurance coverage established in the superseding policy does not defeat Root's interpretation of the "Other Income Benefits" exemption. The provision defining eligibility makes no reference to the insured's "most recent effective date of insurance." Nor is there any requirement that the waiting period be served while the present rather than a predecessor form of the policy is in effect. The interpretation that each employee must undergo the 30 day waiting period once, at the start of his or her employment, is beyond doubt a reasonable one. Again, at the very least, the waiting period provision is ambiguous and therefore must be construed in favor of uninterrupted coverage. The suggestion that Root's interpretation would require 30-day suspensions of coverage for all employees after each policy amendment is thus meritless.
 
 
 9
 We note that Root's construction of the "Other Income Benefits" exemption does not affect the construction of other policy provisions, such as the policy's pre-existing illness exclusion, that are unrelated to the "Other Income Benefits" determination. Each provision must be viewed in its own light, and, as we have noted, in each case ambiguities must be construed in favor of the insured. Thus, there would be no inconsistency were the phrase "most recent effective date" to be construed differently in another portion of the superseding policy, should such a contrary construction resolve an ambiguity in favor of a plausible interpretation offered by an insured.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 [2]
 In its petition for rehearing, Lincoln National argues that the Supreme Court's decision in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), substituted "trust law principles" of interpretation for the rule of contra proferentum followed by the states in interpreting non-ERISA insurance policies. In our amended opinion in Kunin, we noted that the Firestone decision addressed the standard of review to be applied to a plan administrator's interpretation of plan provisions, and that "[t]he Court said nothing whatsoever about the ordinary principles of construction according to which courts and administrators alike should arrive at their interpretations." 910 F.2d at 541
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While a similar provision was contained in the earlier policy form, there are significant differences in the language employed and there is a vigorous disagreement between the parties as to the scope of the earlier provision