24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Cresencia B. TORTUYA, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY; The Minnesota Mutual
Life Insurance Company, Defendants-Appellees.
 No. 92-16693.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided May 16, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Cresencia Tortuya sued Minnesota Mutual Life Insurance Company ("Minnesota Mutual") and Metropolitan Life Insurance Company ("MetLife") to recover life insurance benefits after her husband committed suicide and now appeals the district court's grant of summary judgment to the insurance companies. We affirm.
 
 
 3
 * California law governs appellant's claim against Minnesota Mutual. In order for a suicide exclusion to be valid, the insurer must prove that the decedent acted with suicidal intent. Searle v. Allstate Life Ins. Co., 38 Cal.3d 425, 437-38 (1985). Suicidal intent merely requires that the decedent understood the "nature and consequences of the act." Id.
 
 
 4
 The evidence is overwhelming that Gene Tortuya ("decedent") understood the nature and consequences of his act, and therefore possessed suicidal intent. First, appellant concedes that decedent got out of bed, looked for the gun because his wife had hidden it from him, found the gun in the closet, went to the bathroom, put the rifle in his mouth, and shot himself. All of this paints a man with a mission, refuting appellant's contention that the decedent did not "plan[ ] on killing himself." Second, appellant's own expert witness, Dr. Martin Blinder, stated that "without a doubt" decedent knew that his rifle was "a lethal weapon and if pointed in this direction, it is likely to have lethal consequences." Another one of appellant's own expert witnesses, Evelyn Tabachnick, stated that "suicidal intentions were clearly present in Mr. Tortuya at various points during the last ten years." Third, the appellees' expert, Dr. Robert Litman, stated that decedent intended to kill himself "as pretty much as close to a certainty as one can come within the boundaries of medical evaluation." Finally, the appellant's argument that the decedent was delusional and could not make a meaningful choice is irrelevant under California law. All of the evidence suggests that the decedent understood the consequences of his act and, thus, had the requisite suicidal intent. Therefore, the district court did not err in granting summary judgment to Minnesota Mutual.
 
 II
 
 5
 California law defines efficient proximate cause as "the one that sets others in motion," Sabella v. Wisler, 59 Cal.2d 21, 31-32 (1963), and as the "predominate cause." Garvey v. State Farm Fire and Cas. Co., 770 P.2d 704, 708 (Cal.1989). Any alleged medical malpractice is not the event that set the others into motion. It certainly did not make decedent suicidal; indeed, he sought medical help because he was suicidal. At worst, the alleged medical malpractice failed to interrupt the chain of events; this, however, does not constitute efficient proximate cause.
 
 
 6
 Appellant further argues that "whether the V.A. Hospital committed medical malpractice which could negate suicidal intent, is a triable issue of material fact." This is clearly wrong. Whether his doctors could have prevented decedent's suicide is irrelevant to the fact that he understood the consequences of the act of putting a rifle in his mouth and pulling the trigger.
 
 III
 
 7
 The MetLife policy is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Secs. 1001-1461. ERISA preempts state law with respect to claims for insurance benefits. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).
 
 
 8
 Under ERISA, if the court "finds that a plan contemplates discretionary determinations, it must review a fiduciary's eligibility decisions under the plan for an abuse of discretion." Williams v. Caterpillar, Inc., 944 F.2d 658, 661 (9th Cir.1991). Such is the case here.
 
 
 9
 To determine whether an ERISA fiduciary abused its discretion, we examine whether the decision was arbitrary and capricious and whether it was supported by substantial evidence. Madden v. ITT-Long Term Disability Plan, 914 F.2d 1279, 1285 (9th Cir.1990), cert. denied, 498 U.S. 1087 (1991). MetLife denied coverage for two reasons. First, it denied coverage because the policy clearly stated that "in no case shall any payment be made for death or any other loss which is caused by: (A) intentionally self-inflicted injury, suicide or any attempt thereof, while sane or insane...." Decedent committed suicide. It is not arbitrary and capricious for MetLife to invoke the suicide exclusion clause in this case. Substantial evidence supports its decision that because the decedent committed suicide, benefits were not available.
 
 
 10
 Second, MetLife also denied coverage because the decedent's death was not an accident. This court must "interpret terms in ERISA insurance policies 'in an ordinary and popular sense as would a [person] of average intelligence and experience.' " Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1441 (9th Cir.1990) (quoting Allstate Ins. Co. v. Ellison, 757 F.2d 1042, 1044 (9th Cir.1985)). Accordingly, given its ordinary usage, the word "accident" would not encompass an intentional act whose consequences are known, such as, the suicide in this case. MetLife's decision that Tortuya's suicide was not an accident was not arbitrary and capricious, and was supported by substantial evidence.
 
 
 11
 Appellant argues that efficient proximate cause should be applied to determine whether she is entitled to benefits under the policy. However, appellant advances (and this court can find) no case law where efficient proximate cause has been applied to a case under ERISA. Consequently, we cannot conclude that the fiduciary in this case abused its discretion in not employing efficient proximate cause analysis. Therefore, the district court did not err in granting summary judgment to MetLife.
 
 IV
 
 12
 The rule of contra proferentem is inapplicable in this case because there are not two competing reasonable interpretations. The clear language of the insurance policies excludes death caused by suicide, sane or insane. The district court applied the unambiguous language of the policies. When "an insurer has clearly limited its coverage, the limitation's plain language must be respected." Malcom v. Farmers New World Life Ins. Co., 4 Cal.App.4th 296, 301 (Cal.App. 4 Dist.1992) (citation omitted); Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1441 (9th Cir.1990).
 
 V
 
 13
 Because appellant is not the prevailing party, we decline to award her attorneys' fees. Smith v. CMTA-AIM Pension Trust, 746 F.2d 587, 589 (9th Cir.1984).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3