56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronald W. FOSTER; Edgar F. Forsling; John M. Jessop,
Plaintiffs-Appellants,
v.
UNITED STATES of America; RCA Corporation, Defendants-Appellees.
 No. 94-35361.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1995.
Submission Withheld May 8, 1995.
Resubmitted May 15, 1995.
Decided May 24, 1995.
 
 Before: WRIGHT, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 While working on an Air Force radar antenna, plaintiffs were exposed to radio frequency radiation. They and their families sued the United States and RCA for personal injuries. The court granted summary judgment for all defendants, holding that they did not cause the accident. The court also dismissed the action against the United States as barred by the Federal Tort Claims Act's (FTCA) discretionary function exception under 28 U.S.C. Sec. 1346(b). Plaintiffs appeal. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 1. FTCA DISCRETIONARY FUNCTION EXCEPTION
 
 3
 We review de novo a determination of no subject matter jurisdiction under the FTCA's discretionary function exception. Richardson v. United States, 943 F.2d 1107, 1110 (9th Cir. 1991). In determining whether the discretionary function exception bars a suit against the Government, we determine whether the challenged governmental conduct involved an element of judgment that is susceptible to policy analysis. See Berkovitz v. United States, 486 U.S. 531, 536-37 (1988); United States v. Gaubert, 499 U.S. 315, 325 (1991).
 
 
 4
 All of the challenged governmental action--the decision to allow the bypass of the safety mechanism; the decision not to verify the accuracy of the technical orders (TOs); and the decision not to enforce contractor compliance with the TOs--involved judgment susceptible to policy analysis. We affirm dismissal of all claims against the United States as barred by the exception.
 
 2. CAUSATION
 
 5
 We review de novo a grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Alaska law controls on the issue of causation. See Allstate Ins. Co. v. Ellison, 757 F.2d 1042, 1044 (9th Cir. 1985).
 
 
 6
 a. Cause-In-Fact
 
 
 7
 An act is a cause-in-fact of the accident if the accident would not have happened but for the act. Fairbanks North Star Borough v. Rogers & Babler, 747 P.2d 528, 532 (Alaska 1987).
 
 
 8
 The separation of keys 1 and 2 was not a cause-in-fact of the accident. If the keys had been paired, downsequence would have occurred earlier, but the accident still would have occurred.
 
 
 9
 The maintenance lights were not a cause-in-fact of the accident. Lighting is not the pedestal safety lock-out panel's (PSLP) sole purpose; the PSLP was also intended to warn by sounding a horn. Thus, although the lights may have invited bypass of the PSLP's lighting function, they did not invite bypass of the warning function.
 
 
 10
 The lack of a fifth interlock and hatch was not a cause-in-fact of the accident. The maintenance routine performed by Souders on the day of the accident required him to disengage every safety device capable of preventing radiation from entering the radome. Thus, if the fifth interlock had existed, he would have disengaged it.
 
 
 11
 b. Superseding Cause
 
 
 12
 Although the alleged defects in the transmission line switch were causes-in-fact of the accident, Souders' actions were a superseding cause. In Williford v. L.J. Carr Investments, Inc., 783 P.2d 235, 237 (Alaska 1989) (citations and quotations omitted), the court held that:
 
 
 13
 [A]n action of a third person which intervenes to injure the plaintiff will shield a negligent defendant only where after the event and looking back from the harm to the negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm. Thus, an act will not constitute a superseding cause where, though unforeseeable by the original negligent actor, it does not appear in retrospect to have been highly extraordinary.
 
 
 14
 Souders made an extraordinary series of mistakes, including: his performance of the maintenance routine while men were in the radome; his failure to engage the interlocks after completing the routine; his pushing the "normal" button; his failure to manually select transmitters 23 and 27; and his failure to watch the panel for at least 10 seconds after pushing the "normal" button. Together, these errors constituted a superseding cause of the accident. We affirm the court's holding that RCA did not cause the accident and that Souders' actions were a superseding cause.
 
 3. FAILURE TO INFORM
 
 15
 We affirm the dismissal of plaintiffs' claim that RCA caused the accident by failing to inform the Air Force of the discrepancies in the safety interlock system and defects in the transmission line switch. These claims sound in contract. Judge Holland dismissed all contract claims by order on January 19, 1990. Plaintiffs offer no argument to challenge that order.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3