ALLSTATE INS. CO., Plaintiff—Appellee,

v.

Steven BRYANT; Adam Bryant, Defendants,

and

Margaret Harville, as parent and guardian of Adam Bryant, Defendant—Appellant.

No. 00–35801.

D.C. No. CV–99–00108–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Aug. 21, 2002.

Before B. FLETCHER, ALARCÓN, and GRABER, Circuit Judges.

### MEMORANDUM *

Margaret Harville ("Harville"), as parent and guardian of Adam Bryant ("Adam"), appeals from the district court's denial of her motion for summary judgment and grant of summary judgment in favor of Allstate Insurance Company ("Allstate"). This appeal arises from Allstate's action for declaratory judgment absolving it from a duty to cover Adam as a "resident relative" under an uninsured motorist ("UIM") policy issued to Adam's non-custodial father, Steven Bryant ("Bryant"). On de novo review we affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Resident is defined in the UIM policy as follows:

"The construction of an insurance contract is a matter for the court, unless its interpretation is dependent upon the resolution of controverted facts." *O'Neill Investigations, Inc. v. Ill. Employers Ins. of Wausau,* 636 P.2d 1170, 1173 (Alaska 1981). Generally, "insurance contracts are construed liberally against the insurer and doubtful language is resolved in favor of the insured." *MAPCO Alaska Petroleum, Inc. v. Cent. Nat'l Ins. Co. of Omaha,* 795 F.Supp. 941, 944 (D.Alaska 1991) (citations and internal quotation marks omitted). However, "[i]f a reasonable interpretation favors the insurer and any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy." *Allstate Ins. Co. v. Ellison,* 757 F.2d 1042, 1044 (9th Cir.1985) (citing *Jarvis v. Aetna Cas. & Sur. Co.,* 633 P.2d 1359, 1363 (Alaska 1981)). The court will recognize a limitation on coverage if the limitation is plainly worded in the insurance contract. *Allstate Ins. v. Shelton,* 105 F.3d 514, 516 (9th Cir.1997).

The term "resident" in Bryant's UIM policy is unambiguous and does not subject the contract to differing interpretations.[1] We are unpersuaded by Harville's contention that the absence of any temporal limitation, or "primary residence" distinction, constitutes ambiguity in the definition of "resident." The definition sufficiently limits the term "resident" by focusing on the intent of the purported insured to remain or return to the insured's household.

In the context of determining the residency of the minor child of divorced parents for the purpose of insurance coverage,

> **"Resident"**—means a person who physically resides in your household with the intention of continuing residence there. Your unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in your household.

the Alaska Supreme Court has noted that "a child of divorced parents may, depending on the facts, be regarded as being in the household of both." *Wainscott v. Ossenkop*, 633 P.2d 237, 241 (Alaska 1981). In his deposition submitted with the cross-motions for summary judgment, however, Adam indicated that he considered Texas his home. He referred to his times in Bryant's home as "visits" and expressed a clear lack of desire to be moved to Alaska as a result of discipline problems. Even in the light most favorable to Adam, his temporary and sporadic visits to Bryant's household do not qualify him as a resident of that household.

An additional consideration in determining whether Adam was a covered resident of Bryant's household is " '[t]he objectively reasonable expectations of applicants ... regarding the terms of [their] insurance contract[ ].' " *West v. Umialik Ins. Co.*, 8 P.3d 1135, 1138 (Alaska 2000) (quoting *State v. Underwriters at Lloyds*, 755 P.2d 396, 400 (Alaska 1988)). The policy should be construed according to the doctrine of reasonable expectations even when the policy is unambiguous. *West*, 8 P.3d at 1138. In an action by a purported insured, the court will construe the contract in favor of the purported insured by first determining the contracting insured's reasonable expectations. *Simmons v. Ins. Co. of N. Am.*, 17 P.3d 56, 62–63 (Alaska 2001).

Here, the purported insured is Adam, and the contracting insured is Bryant. In a deposition submitted with the parties' cross-motions for summary judgment, Bryant stated that he does not consider Adam a resident of his household. He further stated that he had no expectation that Adam would be covered under his UIM policy. It would strain the most liberal policy construction to find coverage under a first-party insurance contract where both the insurer and insured agree that coverage for the claimed injury was not intended by either party to the contract.

When applied to the unambiguous definition of "resident," the undisputed facts demonstrate that Adam was not a resident relative of Bryant. Adam had no usual presence in Bryant's household. Furthermore, Bryant, the contracting insured, clearly stated that Adam was not a resident of his household, and that he had no expectation that his UIM policy, insuring his household in Alaska, would cover his son residing in Texas.

We therefore AFFIRM.