**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIE NEUMILLER,

Plaintiff-Appellant,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant-Appellee.

No.   22-35688

D.C. No. 2:22-cv-00610-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted June 9, 2023
Seattle, Washington

Before:  BEA and BRESS, Circuit Judges, and OHTA,[**] District Judge.

Julie Neumiller appeals the district court's entry of judgment under Federal

Rule of Civil Procedure 52 in favor of Hartford Life and Accident Insurance

Company ("Hartford").  Neumiller claims that Hartford violated the Employee

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jinsook Ohta, United States District Judge for the
Southern District of California, sitting by designation.

Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), by failing to pay her long-term disability benefits under her Hartford insurance policy. "We review de novo a district court's determinations regarding the text of an ERISA plan, including whether plan terms are ambiguous." *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 624 (9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

The policy entitles Neumiller to long-term disability benefits, but the benefits terminate when Neumiller's "Current Monthly Earnings" exceed 60% of her "Pre-Disability Earnings." The policy defines "Current Monthly Earnings" as "monthly earnings You receive from: 1) Your Employer; and 2) Other employment; while You are Disabled." Neumiller maintains that Hartford erroneously determined her "Current Monthly Earnings" by improperly including her pre-tax contributions and Trimester Bonuses as part of the calculation, leading Hartford to cut off benefits prematurely. Neumiller argues that (1) pre-tax contributions and Trimester Bonuses are not "earnings," (2) pre-tax contributions are not "receive[d]," and (3) Trimester Bonuses are not "monthly" earnings. We reject the first two arguments but agree with the third.

*First*, we agree with the district court that Neumiller's pre-tax contributions and Trimester Bonuses unambiguously qualify as "earnings" under the policy. *See Earnings*, Black's Law Dictionary (11th ed. 2019) ("Revenue gained from labor or

services, from the investment of capital, or from assets."). Neumiller argues that we should apply the *expressio unius* canon to read the term "earnings" as excluding bonuses and pre-tax contributions. But because the "text is plain and unambiguous," we must apply it "according to its terms." *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009); *see also Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) ("[T]he canon *expressio unius est exclusio alterius* does not apply to every statutory listing or grouping; it has force only when the items expressed are members of an 'associated group or series,' justifying the inference that items not mentioned were excluded by deliberate choice, not inadvertence." (citation omitted)).

*Second*, we agree with the district court that Neumiller unambiguously "receive[d]" her pre-tax contributions. That Neumiller voluntarily chose to place some of her salary into a 401(k) account does not change the fact that she has, in an ordinary sense, "receive[d]" a thing of value for her labor. While Neumiller asks us to apply the doctrine of *contra proferentem* to construe ambiguities in the policy against Hartford as the policy's drafter, "[i]f a reasonable interpretation favors the insurer and any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy." *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990) (quoting *Allstate Ins. Co. v. Ellison*, 757 F.2d 1042, 1044 (9th Cir. 1985)).

*Third*, the district court erred by treating all Trimester Bonus amounts paid

out to Neumiller within a given month as "monthly" earnings. The term "monthly," in context, is ambiguous: it could refer to all earnings that Neumiller accrues within the course of a month, or it could refer to all earnings distributed to Neumiller within the course of the month (Hartford's position). If an ERISA plan is ambiguous and "susceptible of two interpretations," we adopt "the interpretation that is most favorable to the insured." *Blankenship*, 486 F.3d at 625. In this case, that interpretation is ultimately the stronger one anyway.

Treating "monthly" bonuses as amounts that an employee accrues in a given month is more consistent with Hartford's practice of treating Neumiller's "monthly" wages as the compensation that she accrues by working in a given month, even when some portion of her monthly wages is not distributed until the next month's paycheck. This interpretation is also more consistent with the way that the policy treats bonuses for purposes of calculating "Pre-Disability Earnings." There, the policy averages bonuses across 24 months instead of counting all bonuses toward the month in which they are distributed. Finally, Hartford's interpretation would unexpectedly attach enormous consequences (terminating disability benefits) to an employer's decision to distribute a bonus in a lump sum, instead of spreading it out across the several months in which it is earned.

We therefore conclude that "Current Monthly Earnings" more probably includes Neumiller's pre-tax contributions and those bonuses that Neumiller accrued

4

over the course of the month.  Although the nature of Neumiller's Trimester Bonus is not apparent from the record, by its name it suggests a bonus based on four months of work.  The record indicates, however, that Hartford credited her entire Trimester Bonus payment toward Neumiller's "Current Monthly Earnings" for the month in which the bonus was distributed, "rather than pro-rating [it] over a period of time." It is not apparent from the record what Neumiller's "Current Monthly Earnings" would have been if Hartford had pro-rated her Trimester Bonuses over the period of time in which they were accrued.

For these reasons, we remand to the district court for further proceedings consistent with this decision.  The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**